PETILLO *v.* STATE OF INDIANA

[No. 28,565. Filed January 23, 1950.]

*William B. Miller* and *Jacob S. Miller,* both of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General; *Merl M. Wall* and *Walter O. Lewis,* Deputy Attorneys General, for appellee.

JASPER, C. J.—Appellant was charged by affidavit with the alleged offense of assault and battery with intent to commit a felony, to wit: Murder, under § 10-401, Burns' 1942 Replacement. Appellant waived trial by jury. The cause was submitted to the court on a plea of not guilty. Finding, judgment, and sentence followed.

On appeal to this court, appellant has assigned as error the overruling of his motion for new trial and the overruling of his motion for discharge at the close of the State's evidence.

Appellant contends that there was not sufficient evidence and that the decision of the court was contrary to law.

The testimony shows that at approximately 2:15 a.m., on June 29, 1948, appellant drove his automobile in front of the Roosevelt Hotel, in the City of Indianapolis, and blew the horn; that the bell boy went out

and appellant asked if there were any rooms for rent, and if a Mr. and Mrs. Schofner still lived in room 438; that upon being told there were rooms available and that the Schofners lived there, appellant had the bell boy take his luggage into the hotel, and he went to the desk and registered in the name of Joe Meio, and was then taken to room 245 in the hotel; that Kelly Petillo and Joe Meio are one and the same person; that the bell boy took appellant to his room and turned on the light in the room and in the bathroom; that appellant said to the bell boy: "Will you tell Schofners I am here. Tell Naomi some one wants to see her"; that the bell boy then went to the room of the Schofners, as he was instructed to do by appellant, and gave Mrs. Schofner the message; that Mrs. Schofner had the bell boy accompany her to the door of appellant's room; that the bell boy then went to the elevator; that Mrs. Schofner, upon arriving at appellant's room, knocked on the door; that when the door was opened, appellant reached out and grabbed her by her left arm and pulled her into the room; that the only light burning was in the bathroom; that she said: "Kelly, please let me out of here"; that upon making demand again to be let out, appellant said: "Why did you do me like you did?" and drew back with his right hand; that Mrs. Schofner moved her head, and, as his hand came down, she was struck on the left side of her face, receiving a sharp cut, which ran from the middle of her left ear to her mouth, missing the jugular vein about three inches; that the bell boy, upon hearing the screams of Mrs. Schofner, went back to appellant's room; that the door was locked and he had to break it open to get in; that he found Mrs. Schofner there and helped her arise from the floor; that her face was bleeding, and he pulled her out of the room and she went screaming to her husband; that during all of

this time there was no other person in appellant's room; that appellant checked out of the Roosevelt Hotel approximately fifteen minutes after he registered there.

Medical testimony disclosed that in the early morning hours of June 29, 1948, a doctor treated Mrs. Schofner; that she had a long cut on her left cheek, which ran about a third of the way down from her left ear to her chin, coming close to the corner of the mouth, and was half an inch deep; that the incision was from a cut and was caused by a sharp instrument.

This court cannot weigh the evidence, but must determine whether there is substantial evidence of probative value upon each material element of the crime charged. There was sufficient evidence, and inferences to be drawn therefrom, for the lower court to find appellant guilty of the crime as charged.

Appellant contends that there was not sufficient evidence to show the intent to commit murder. In *Kunkle* v. *State* (1869), 32 Ind. 220, 227, 228, Judge Elliott said:

"The material facts necessary to be established to justify a conviction of the appellant for the higher offense charged, are, first, that he committed the assault and battery on Kestler as alleged; second, that at the time of its commission he intended thereby to kill Kestler; and third, that had death resulted from the act, the crime, in legal contemplation, would have been murder."

From the above evidence, it is shown that appellant inflicted great bodily harm upon Mrs. Schofner; that the intent was a question for the court, the proof of which rested upon the State; and in determining the question it was the duty of the court to consider all of the facts and circumstances

disclosed by the evidence bearing upon it. The felonious intent in such a case might have been shown by direct evidence, such as lying in wait for an opportunity, with a deadly weapon; and, in the absence of any such direct proof, if the assault and battery was with a deadly weapon, used in such a manner as to be reasonably calculated to cause death, the intent to kill might be inferred from the act itself.

Appellant contends, and argues seriously, in his brief that there was no testimony regarding the use of a deadly weapon. The testimony of the doctor that the cut was caused by a sharp instrument, with the testimony of Mrs. Schofner that she was cut on her left cheek by appellant, along with the wound itself caused by appellant, was sufficient for an inference to be drawn that a deadly weapon was used. The circumstances are quite similar to the case of *Mandich* v. *State* (1946), 224 Ind. 209, 213, 66 N. E. 2d 69, 70, in which the court said:

> "It could have been inferred that no other person was near; that the appellant was at the front door and very close to the decedent at the time he was shot; and that the shot came from a revolver in the hands of the appellant.
>
> "The appellant makes much of the facts that the gun was never found and that no direct evidence was offered to show that the appellant had ever owned or possessed a weapon of the calibre used in the shooting. The appellant also asks us to examine the evidence to determine whether or not it overcomes every hypothesis consistent with the innocence of the appellant."

It was held in the above case that in the trial court the jury, and finally the judge, must weigh the evidence. But in this court a different rule applies. Here, if there is evidence of each essential fact in a chain of circumstances, we cannot weigh

that evidence. In the case at hand, where the sufficiency of circumstantial evidence is in question, we examine it carefully, not for the purpose of finding whether or not it is adequate to overcome every reasonable hypothesis of innocence, but with the view of deciding whether an inference may be reasonably drawn therefrom tending to support the finding of the trial court. *Mandich* v. *State, supra; Finch* v. *State* (1944), 222 Ind. 633, 638, 56 N. E. 2d 851, 853, 854; *Dowty* v. *State* (1932), 203 Ind. 228, 235, 179 N. E. 720, 723; *Wrassman* v. *State* (1921), 191 Ind. 399, 402, 132 N. E. 673.

Appellant further contends that the court committed error in overruing his motion for discharge at the close of the State's evidence. However, appellant introduced evidence after the overruling of the motion, and therefore saved no question on appeal. *Bowen* v. *State* (1920), 189 Ind. 644, 651, 128 N. E. 926, 929.

After a careful examination of the claimed errors, we are of the opinion that no reversible error is shown.

Judgment affirmed.

NOTE.—Reported in 89 N. E. 2d 623.