## DENNISON *v.* STATE OF INDIANA.

[No. 28,778. Filed February 11, 1952.]

*Glenn W. Funk,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General; *John Ready O'Connor* and *George W. Hand,* Deputy Attorneys General, for appellee.

JASPER, J.—Appellant was charged by indictment with the crime of burglary in the second degree, under §10-701, Burns' 1942 Replacement. A plea of not guilty was entered, trial by jury was waived, there

was a finding of guilty, and judgment and sentence followed.

Appellant's sole assignment of error is the overruling of his motion for a new trial. He contends under his motion that the judgment of the trial court is not sustained by sufficient evidence and is contrary to law.

The evidence reveals the following: On the 28th day of May, 1950, Edward Jaydos, Jack Loveless, and Elizabeth Lieb were owners of the Speedway Tavern, in Indianapolis. The tavern was closed at midnight, and every one was out by 12:30 a. m. The wife of one of the partners returned about 2:30 a. m., and found the door broken and pried open and the glass broken out, the safe had been moved to the front of the bar, the door was broken off of it, two or three cases of liquor were near the front door, papers from the safe were strewn on the floor, the bars over the back window were broken, and the police were there and had appellant in their automobile. Between $225 and $235 were missing from the safe. A police officer testified that in making a routine check of business places in the neighborhood on May 28, 1950, they threw their spotlight on the door of the Speedway Tavern, in Indianapolis, at approximately 2:24 a. m., and saw that the door had been pried open, and saw somebody behind the bar taking liquor off the shelf. On going into the tavern, they found the safe had the front door pried off. Several cases of whiskey which had been taken off the shelves were standing inside the door, and they found appellant and two other men in the place. Appellant was found in the basement hiding behind several cases of beer. He stated to the police officer that he had found the door open and went in to have a drink. The lock on the tavern door was completely chewed off by a crowbar or a prying bar of some kind. At the time of apprehending appellant,

he had a pair of gloves on his hands, which, as above stated, was on May 28, 1950, and while inside the building. He had liquor on his breath, but was not intoxicated. One of the other men with appellant was trying to break out the back window when the police entered. Another police officer testified that he had a conversation with appellant in which appellant told him he was in the tavern, but did not know how he got there. Appellant testified, among other things, that he had sustained a head injury in one of his professional prizefights, and that when he drank four or five bottles of beer he would black out. On the morning prior to being in the Speedway Tavern, he had met two other men, who were also apprehended in the tavern with him. He talked and had drinks with them. After he met the two men apprehended with him, at 9:00 or 9:30 a. m., in Harry's Tavern, he did not remember meeting them again. He was in Harry's Tavern until 10:00 or 11:00 p. m., when he started to get a cab, and that was the last he could remember until he awakened in the Speedway Tavern, when the police officer told him to come out from behind stacked beer cases.

Appellant admits that the evidence set out was sufficient to prove all of the elements of second degree burglary except (1) a breaking and entering and (2) an intent to commit the felony charged.

This court cannot weigh the evidence, but must determine from the direct and circumstantial evidence, with the inferences to be drawn therefrom, most favorable to appellee, whether there is substantial evidence of probative value upon each material element of the crime charged. *Petillo* v. *State* (1950), 228 Ind. 97, 89 N. E. 2d 623. In the case at bar, the credibility of the witnesses and the questions of intent and reasonable doubt were for the trial court to decide. Where the evidence, either direct or circumstantial, is such that

two inferences may reasonably be drawn therefrom, one of guilt and one of innocence, it is not within the province of this court to determine which inference should have controlled, that being exclusively for the trial court. *Schlegel* v. *State* (1950), 228 Ind. 205, 91 N. E. 2d 167; *Christen* v. *State* (1950), 228 Ind. 30, 89 N. E. 2d 445.

Appellant argues that appellee's evidence failed to account for the lapse of time between the closing of the tavern and the apprehending of appellant and ▮ ▮ the other two men in the tavern, and that therefore it is reasonable to assume that the place may have been broken into by persons unknown to appellant, and that appellant could have found the place of business open. Appellant contends that this is an entirely reasonable hypothesis, and is an hypothesis of innocence not excluded by any evidence introduced by appellee. This court has said that a trial court and jury must be guided by the rule that, to sustain a conviction, circumstantial evidence must be of so conclusive a character, and point so surely and unerringly to the guilt of the accused, as to exclude every reasonable hypothesis of innocence. This rule is for the guidance of the trial court, and not this court. *Christen* v. *State, supra; Finch* v. *State* (1944), 222 Ind. 633, 56 N. E. 2d 851; *Osbon* v. *State* (1938), 213 Ind. 413, 13 N. E. 2d 223. Appellant relies strongly upon the case of *Christen* v. *State, supra.* In the last-cited case, the appellant was not apprehended at the scene of the crime, but was only seen with the deceased four hours before she was discovered battered, bruised, and lacerated. The facts in that case are so unlike those in the case at bar that it is not controlling. In the case now under consideration, appellant was apprehended at the scene of the crime. The evidence in the case at bar is such that it raises more than a mere suspicion, pos-

sibility, guess, or conjecture. The trial court could reasonably have inferred from the evidence, both direct and circumstantial, that appellant not only broke and entered the building, but broke and entered with the intent to commit a felony as charged. There is substantial evidence of probative value to prove each material element of the crime.

After considering the contentions of appellant, we find no error.

Judgment affirmed.

NOTE.—Reported in 103 N. E. 2d 443.