MELVIN *v*. STATE OF INDIANA.

[No. 30,916. Filed January 11, 1968.]

352

*Don R. Money,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

PER CURIAM.—Appellant was charged with entering to commit a felony. He was found guilty and sentenced accordingly. The only contention made is that the finding of the court was not sustained by sufficient evidence.

The evidence most favorable to the State is as follows: About 9:30 p.m. on August 22, 1965, a State's witness testified that he lived about 150 feet from the Ferraros' Shoe Shop. He heard a noise in the alley alongside his house. He stepped outdoors, which was about 6 feet from the alley. He stood and looked around and heard a crash. He says it sounded like "a cash register dropping." He then made a step around the corner and looked down the alley and saw a cash register about 12 feet away and saw the appellant walking in the opposite direction about 3 feet from the cash register. The appellant was not running. The witness stated he saw no one else around. He saw the appellant walking away and later come back by the spot where the witness was standing. He stated that he did not know the appellant's name but had recognized him as a person living in the neighborhood. The witness called the police. When the police came they went into the shoe shop and the witness stated: "You could see where a cash register had come from."

There is no evidence as to how he could tell this except some dust lines on the counter. The owner of the shop testi-

fied that he had lost "a cash register"; that he was not then operating a shoe shop in the building. There was testimony one of the windows of the building was broken and that he did not give the appellant or any one else the right to enter the shoe shop. The owner of the shop said that he did not know whether or not the cash register found in the alley was his. He had never seen it. Apparently it was not produced at the trial for the owner to identify. This, so far as we can find, is all the evidence presented to convict the appellant.

It is contended that there is a failure to prove the appellant ever entered the shop and there is failure to prove that any felonious intent existed. Appellant further argues that no inference is to be drawn from the fact that he was in the alley when the noise was heard; that the State's witness was also present and in close proximity to the cash register when it was found in the alley. Nobody fled from the scene from which an inference of guilt might be drawn. It is further urged that the same evidence that is used here to convict the appellant would be equally sufficient to convict the State's witness, who was within a few feet of the cash register when it was found in the alley and also close to the building where the alleged breakin had occurred.

It is true that a conviction may be sustained wholly on circumstantial evidence. Upon review in this Court there must be evidence of probative value from which a reasonable inference may be made that establishes the guilt of the appellant on all essential allegations of the charge. *McCoy et al.* v. *State* (1958), 237 Ind. 654, 148 N. E. 2d 190.

In the case before us there is no corroborating evidence to support the charge of entering the building in question, nor is there any corroborating evidence to support a felonious intent. The evidence here does not show that he had the cash register in his hands or in his possession, nor is there specific evidence that this cash register belonged

to the owner of the store. In *Coffer* v. *State* (1958), 239 Ind. 22, 154 N. E. 2d 371 there were statements made by the appellant which were produced in evidence, showing an intent to break into the schoolhouse in question.

In *Dennison* v. *State* (1952), 230 Ind. 353, 103 N. E. 2d 443, appellant was found in the building, although he claimed the front door had been open and he merely walked in. There was evidence which rebutted such contention.

In *Wood* v. *State* (1934), 207 Ind. 235, 192 N. E. 257, the court stated that the verdict cannot be based upon a guess or supposition that the appellant was connected with the possession of a still, which was found in the basement of a garage, although she lived in the house on the same premises where the garage was located, but the garage was used by other parties. The court stated (at 207 Ind. p. 239):

"In the instant case we may say that the evidence but supports a guess or suspicion that the appellant was connected in any manner with the still and distilling apparatus. The verdict and judgment is not supported by sufficient evidence. . . ."

For the reasons stated, we find the evidence is insufficient to support the finding of the court.

The judgment is reversed, with directions to grant the appellant a new trial.

NOTE.—Reported in 232 N. E. 2d 606.