JAREL T. HAINES *v.* STATE OF INDIANA.

[No. 969S206. Filed June 4, 1971. Rehearing denied August 2, 1971.]

*Gil I. Berry, Jr.,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, Robert A. Smith, Deputy Attorney General, for appellee.

ARTERBURN, C.J.—Appellant was charged by affidavit with the crime of second degree burglary. He was tried and convicted in the Marion Criminal Court, Div. 2, before Special Judge Palmer K. Ward.

Burns Indiana Stat. Anno. § 10-701(b) states: "Whoever breaks and enters into . . . any building or structure other than a dwelling-house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree. . . ." On this appeal, the appellant challenges only the sufficiency of the evidence, alleging that the State failed to prove two necessary elements of the crime of second degree burglary, those elements being the "breaking and entering" and the "intent to commit a felony therein." We find, upon examination of the testimony presented at the trial, that the State did prove these elements during the trial. The Court has repeatedly stated that it will consider only the evidence most favorable to the appellee and all reasonable and logical inferences that may be drawn therefrom. *Capps* v. *State* (1967), 248 Ind. 472, 229 N. E. 2d 794.

In this case, the evidence shows that the president of Roos

Packing Co., Inc., having been called by law enforcement officials, went to the company's premises, located at 2210 Kentucky Avenue, Indianapolis, Indiana, during the evening of July 7, 1968. He found that a hole had been broken in a portion of the company's concrete block wall and, among other damage, a hoist had been moved to pull off the door to the company's cooler. He testified that a .22 caliber rifle and two hams were missing, but that they were later recovered by the police. Tools not belonging to the company nor to any of its employees were found on the floor in the office.

Marion County Deputy Sheriff Ronald Runyan testified that he received a call to go to the Roos Packing Co. at approximately 11:02 p.m. to investigate an alarm ringing. Upon his arrival at the address, the deputy sheriff stated that he saw two men running from the building and that he later shot at them with a shotgun. After chasing the men through a field, he saw the men get into a white 1964 Ford, which was driven within three to five feet of him. As the car passed, Deputy Sheriff Runyan observed the appellant driving the car and a woman later identified as the appellant's wife sitting beside him in the car. Appellant's co-defendant and his wife were in the back seat. He immediately sent out a description of the car (including its Kentucky license number and a description of its occupants). Based upon the description of the car and its occupants, city policemen stopped the car about fifteen or twenty minutes after the dispatch was put out, some two or three miles from Roos Packing Co., Inc.

Deputy Sheriff Runyan immediately went to the point where the car and its occupants were stopped and identified the four persons in the car, including the appellant whom he had observed running from the burglarized building. He testified that when he shot at the two men as they were running, he thought he had hit the taller of the two men. After the car was stopped by policemen, the other man in the car with the appellant and the two women appeared to Runyan as if he had been struck by pellets. Runyan testified that John R.

Brown "had marks and small cuts on his hands and some fresh blood running out of them and he had looked like small hemorrhages or something in his face around his eyes and nose." Runyan also testified that burglary tools were found on the floor near the safe that is in the office.

We find the above evidence sufficient for a finding that there was a breaking and entering and furthermore that there was an intent to commit a felony once the breaking and entering was accomplished. Pertaining to the intent to commit a felony, this Court stated in *Lambert* v. *State* (1969), 252 Ind. 441, 446, 249 N. E. 2d 502, 505:

"This element could have been inferred from the evidence pertaining to the marks that were made in the metal of the vault door. Complementing this evidence was the evidence pertaining to the presence of tools that could be used as burglary tools. Thus, we cannot say that the evidence was insufficient to establish the inference on the part of the jury that the breaking and entering was done with the intent to commit a felony. It is a well settled principle of law that 'intent' may be inferred from the circumstances which legitimately permit it. Tait v. State (1963), 244 Ind. 35, 188 N. E. 2d 537; Dennison v. State (1952), 230 Ind. 353, 103 N. E. 2d 443; Luther v. State (1912), 177 Ind. 619, 98 N. E. 640."

The judgment of the trial court is affirmed.

Givan, Prentice, DeBruler, and Hunter, JJ., concur.

NOTE.—Reported in 269 N. E. 2d 872.