## LEWIS CHAPPELL *v*. STATE OF INDIANA.

[No. 671S164. Filed May 31, 1972.]

*Daniel J. Harrigan, Bayliff, Harrigan, Cord & Maugans,* of Kokomo, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Deputy Attorney General, for appellee.

DEBRULER, J.—This is an appeal from a conviction for second degree burglary in a trial by jury in the Tippecanoe Superior Court. Appellant was sentenced to two to five years in prison.

Appellant's first contention is that there was insufficient evidence to prove a "breaking" and an actual theft. In reviewing

the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the verdict of the jury. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558.

Appellant was not charged with theft but with breaking and entering Trader Horn, Inc., with the intent to commit a theft. Under this charge appellee was not required to prove appellant committed a theft but only that he broke and entered with the *intent* to commit a theft. This intent can be proved even if no actual theft was completed. *Shropshire* v. *State* (1972), 258 Ind. 70, 279 N. E. 2d 219; *Word* v. *State* (1970), 254 Ind. 542, 261 N. E. 2d 225. The evidence that showed appellant broke and entered with intent to commit a theft was as follows:

Officer Harry Martin, West Lafayette Police Department, testified that on July 20, 1969, while on solo patrol, he had occasion to check the Trader Horn, Inc., a retail store, at approximately 4:00 a.m. At that time the overhead door on the West side of the building was closed and secure and nothing was on the ground in that area. Martin returned at 6:00 a.m. and as he approached the overhead door on foot he saw appellant run from that area with what appeared to be an 18″ pry bar in his hand. The overhead door had been pryed off its track and there were various items on the ground outside the door, including a television set, bucket, boxes, footlocker, etc. Appellant refused to halt on Martin's command and a gun battle ensued after which Martin arrested appellant. As Martin was proceeding to put appellant in the police car he discovered a man attempting to hide under a car. The

man, named Rodney Morrell, refused to come out on command until Martin, in the belief he was in danger of being shot, fired on Morrell. Appellant was wearing leather gloves and had in his possession, Exhibit 9, a steel crowbar, Exhibit 1, a .25 caliber automatic pistol and Exhibit 3, a Westclock wristwatch. Morrell had rubber gloves on and had in his possession Exhibit 6, a Derringer pistol.

Marshall Horn, president of Trader Horn, Inc., testified that he had been called to the store around 5:00 a.m., Sunday, July 20, 1969. When he arrived he noticed the overhead door had been broken open and merchandise from the store was setting on the ground outside the door. Horn testified that Exhibits 1, 3 and 6 had been taken from his store.

This is ample evidence to show appellant broke and entered Trader Horn, Inc., with the intent to commit theft.

Appellant's second contention is that the trial court erred in overruling appellant's objection to the testimony of Capt. Art Burrough with reference to Exhibit 9:

"Q. And from the investigation of burglaries, your experience as a police officer, how would an instrument or a tool of that nature be used in the commission of a burglary?

*MR. HANNA:* I'll object to that. I don't think he's been properly qualified as an expert in the use of different tools or what the tools of burglars are or that from the experience he's given he has the qualifications to testify in that area.

*JUDGE:* The objection is overruled. You may answer.

A. This normally, or could be used as a tool to pry or force a lock or a door."

Appellant argues the witness was not qualified as an expert in burglar tools, and, therefore, could not testify as to his opinion in this manner. A witness may be qualified as an expert and competent to testify concerning some specialized area of knowledge if through his knowledge,

experience, special training or education he has acquired a special skill in acquiring knowledge in the area. *Patterson* v. *State* (1970), 253 Ind. 499, 262 N. E. 2d 520; *Spencer* v. *State* (1958), 237 Ind. 622, 147 N. E. 2d 581; *Dougherty* v. *State* (1934), 206 Ind. 678, 191 N. E. 84. The witness was a captain of detectives, with thirteen years on the force, five years as detective, and was the officer in charge of this investigation. We hold the witness was qualified to state the completely obvious, namely, that a crowbar could be used to pry open a door.

Appellant's last contention is that the trial court erred in admitting into evidence Exhibits 5 and 6 taken from Morrell at the scene and certain testimony of Officer Martin concerning the arrest of Morrell, on the grounds such evidence was not relevant or material to any issue in appellant's trial. Exhibit 5 was a pair of rubber gloves worn by Morrell at the time of the arrest. Exhibit 6 was Marshall Horn's personal gun, a Derringer pistol, which he testified had been kept in the same drawer in the store where Exhibit 1, the pistol found on the appellant at the scene, had been kept. Martin's testimony concerned the arrest of Morrell.

Morrell's presence on the scene at 6:00 a.m., Sunday morning, his having possession of Horn's personal gun taken from the store, and his attempt to evade arrest all tend to prove Morrell was appellant's active partner in this burglary. If Morrell was appellant's accomplice then Morrell's attempt to hide from Martin and refusal to come out until Martin opened fire on him would tend to show the men were engaged in a criminal enterprise. *Turner* v. *State* (1971), 255 Ind. 427, 265 N. E. 2d 11; *Reno* v. *State* (1967), 248 Ind. 334, 228 N. E. 2d 14; *State* v. *Torphy* (1940), 217 Ind. 383, 28 N. E. 2d 70. Testimony concerning Morrell's arrest was also pertinent because while Martin was so occupied appellant tried to flee for the second time. It would have been impossible for Martin to explain appellant's flight credibility

if he could not have described Morrell's actions. We hold the trial court did not err in admitting the evidence.

Judgment affirmed.

Arterburn, C. J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 282 N. E. 2d 810.