FREDERICK MICHAEL WALTON *v*. STATE OF INDIANA.

[No. 2-273A45. Filed July 31, 1973.]

*Harriette Bailey Conn (Mrs.),* Public Defender of Indiana, *Malcolm K. McClintick,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

SHARP, J.—On April 16, 1971, the Appellant, Frederick Michael Walton, was charged by way of affidavit with the crime of first degree burglary under IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701(a). Appellant was tried without the intervention of a jury and was found guilty and was sentenced to not less than ten (10) nor more than twenty (20) years and disfranchised and rendered incapable of holding any office of trust or profit for two (2) years.

The Appellant presents the following issues for review:

1. Was the verdict contrary to law?
2. Did the trial court err in denying his motion for discharge made at the close of the State's evidence?

Since both of the issues presented turn upon the sufficiency of the evidence, they will be dealt with together.

The State's evidence is not in dispute and discloses the following facts. On March 12, 1971, around 11:00 A.M., Mary Shockley left her home with the doors locked and the windows closed. At approximately 1:10 P.M. Officer Taylor, Officer Crider and Sergeant McLaughlin of the Indianapolis Police Department received a call that a burglary was in progress at the Shockley residence. Upon arriving at the scene, Officer Taylor saw the Appellant standing on the back porch of the Shockley residence with a portable television in his hands. Appellant fled around the corner of the house and was apprehended by Sergeant McLaughlin who was stationed in the

front of the house. After Appellant was arrested he was found to have several cuts on his hands which were still bleeding. There was blood on the television which was found at the side of the house and a broken window glass in the back door of the house which also had blood on it. When Mary Shockley returned home she found a note from the police informing her of the breakin and she discovered that her portable television was missing.

The Appellant's sole contention is that the State failed to prove that he intended to commit a felony because the State did not introduce the television into evidence and Mary Shockley did not positively identify the television which was seen in the hands of the Appellant. Appellant contends that there is therefore no evidence of his intent.

As to the specific identity of the television which Appellant had in his possession and the television missing from Mary Shockley's residence, the following evidence was entered at trial:

Direct examination of Mary Shockley:

"Q. Was there anything missing from your home, that you can recall?
A. Yes, the t. v.
Q. What type of t. v. was this?
A. It is a—well, it was a late model. It was a Philco, I think. I don't—I had just bought it. I hadn't had it too long.
Q. Was it a portable t. v., or was it a console body?
A. It was a portable.
Q. Where was it in your home?
A. It was in the living room, sitting on a stand.
Q. And was it there when you left in the morning?
A. Yes, it was."

Direct examination of Donald Taylor:

"Q. And could you briefly describe what you observed personally, if anything, on the premises, Officer?
A. I was radioed, along with Sergeant McLaughlin and Officer Crider, to that location. I was in the alley

north of that house. I observed Mr. Walton at the back door, with a white television in his hands.

\* \* \*

"Q. Well, what type of t. v. set was this, could you recall any of the description?

A. White portable television. It had extended cable on it, oh, about a twenty (20) foot extension cable on it, and there was, looked like it was fairly new."

Although the above stated evidence is circumstantial, it is sufficient to support an inference that it was the same television and therefore establishes the intent to commit a felony. In the case of *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554, Justice Prentice made the following statement in regard to circumstantial evidence:

"Where the sufficiency of circumstantial evidence is in question, we examine it carefully, not for the purpose of finding whether or not it is adequate to overcome every reasonable hypothesis of innocence, but with the view of deciding whether an inference may be reasonably drawn therefrom tending to support the finding of the trial court. Stice v. State, 228 Ind. 144, 89 N.E. 915 (1950); Petillo v. State, 228 Ind. 97, 89 N.E.2d 623 (1950)."

In the case of *Combs* v. *State* (1973), 260 Ind. 294, 295 N.E. 366, Justice DeBruler, speaking for a unanimous court, stated:

"Appellant asserts that the State's case failed to sufficiently establish the ownership of any property missing from the building. A reading of Burns § 10-701 (b), however, reveals that the statute does not require that property actually be carried away before the statute is violated. This element of the statute is satisfied when the intent of the intruder is established, and does not necessitate a completed felony. Furthermore, IC 1971, 35-17-5-13, being Burns § 10-3040 (12), defines owner as used in § 10-3030 as one, other than the actor, who has possession of the property involved. Evidence at trial clearly established that the Evansville Little League Inc., through Charles Gubler, was in possession of the property within the Little League building. *Thomas* v. *State* (1970), 255 Ind. 131, 263 N.E. 2d 158."

In applying the above stated tests to the facts as a *whole* here it cannot be said that it was unreasonable for the trial court to infer that the television missing from the house was the same one in Appellant's hands.

The Appellant relies heavily upon the case of *Melvin v. State* (1968), 249 Ind. 351, 232 N.E.2d 606. While the facts are somewhat similar, the *Melvin* case is clearly distinguishable on two salient facts. In the present case Appellant fled, whereas in *Melvin, supra,* there was no evidence of flight. Secondly, the Appellant here was seen with a television actually in his possession. However, in *Melvin, supra,* the accused was seen walking in the opposite direction about three feet from the stolen item.

Finding no error, the judgment of the trial court is affirmed.

Judgment affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 299 N.E.2d 231.