JAMES GILES *v.* STATE OF INDIANA.

[No. 2-1173A251. Filed December 30, 1974.]

*Harriette Bailey Conn, [Mrs.],* Public Defender of Indiana, *Darrell F. Ellis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

SULLIVAN, P.J.—Appellant (Giles) brings his belated appeal from a conviction of second degree burglary pursuant to Indiana Rules of Procedure, P.C. 2(2). He attacks the sufficiency of the evidence.

We affirm.

The factual background, which must be viewed most favorably to the trial court's judgment, reveals the following:

On March 6, 1970, Officer Atwood of the Indianapolis Police Department responded to a burglar alarm at the Firestone Tire and Rubber Company store at 425 North Delaware Street. Apparently, the alarm was triggered at 2:20 A.M., and Officer

Atwood arrived at the store at 2:21 A.M. Atwood testified that he observed an automobile without its lights on leaving a driveway at the rear of the store. The auto failed to stop at a stop sign at the junction of the driveway and Delaware Street, whereupon Atwood stopped the vehicle. Atwood told the driver, Giles, and the two other occupants to get out of the automobile, and while shining a spotlight in the automobile's interior, noticed several tires stacked in the back seat. According to Atwood, the tires appeared new as they still had the green protective solution on the whitewall portions. Further investigation of the automobile revealed a large air conditioner, still in its shipping container, in the front seat. A "jimmy-bar" was found on the back floor of the auto. After placing the suspects in the police car, Atwood checked the rear of the store building and discovered a smashed window large enough for an individual to crawl through and that the door was ajar.

The store manager, James A. Piletic, testified that at the close of the business day March 5, the store was locked, that neither Giles nor his confederates had been given permission to remove property from the store, and that no windows were broken when the store closed on the evening preceding the burglary. Further, Piletic testified that the air conditioner found in the automobile driven by Giles was the property of Firestone Tire and Rubber Company.

Giles was found guilty of second degree burglary following a bench trial, and, on October 21, 1970, was sentenced to a term of two to five years.

The only issue Giles raises on appeal is a failure by the State to produce sufficient evidence proving a breaking and entering.

Second degree burglary is defined in IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956) as:

"(b) Whoever breaks and enters into any boat, wharf-boat, or other water-craft, interurban-car, street-car, railroad-car, automobile, airplane, or other aircraft, or any building

or structure other than a dwelling-house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, and upon conviction shall be imprisoned not less than two [2] years nor more than five [5] years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period; Provided, however, That the court shall have power to suspend prison sentence and place the defendant on probation in accordance with existing law."

It is manifest from a reading of the statute that a breaking and entering is an essential element of the crime, *Apple* v. *State* (1973), 158 Ind. App. 663, 304 N.E.2d 321; and must be proven by the State.

In reviewing Giles' contention of insufficient evidence, we are mindful of the statement in *Chappell* v. *State* (1972), 258 Ind. 537, 282 N.E.2d 810, 811:

"Appellant's first contention is that there was insufficient evidence to prove a 'breaking' and an actual theft. In reviewing the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the verdict of the jury. *Asher* v. *State* (1969), 253 Ind. 25, 244 N.E.2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), [254] Ind. [401], 260 N.E.2d 558."

Moreover, and as admitted by Giles, the element of breaking and entering can be established wholly by circumstantial evidence. *Gann* v. *State* (1971), 256 Ind. 429, 269 N.E.2d 381; *Walton* v. *State* (1973), 157 Ind. App. 154, 299 N.E.2d 231. As stated in *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554, 556, regarding the appellate function in reviewing circumstantial evidence:

"Where the sufficiency of circumstantial evidence is in question, we examine it carefully, not for the purpose of finding whether or not it is adequate to overcome every reasonable hypothesis of innocence, but with the view of deciding whether an inference may be reasonably drawn therefrom tending to support the finding

of the trial court. *Stice* v. *State,* 228 Ind. 144, 89 N.E. 915 (1950) ; *Petillo* v. *State,* 228 Ind. 97, 89 N.E.2d 623 (1950)."

With this standard in mind, we turn to the evidence presented at trial, and conclude that such evidence is sufficient to sustain the conviction. Giles was apprehended at 2:20 A.M. in close proximity to a store very recently burglarized, *Chappell* v. *State, supra;* and, at the time apprehended, was in possession of property positively identified as coming from the store, *Gann* v. *State, supra.*

Unexplained[1] exclusive possession of recently stolen goods may constitute a circumstance from which the trier of fact may draw an inference of guilt, *Lawrence* v. *State* (1963), 244 Ind. 305, 192 N.E.2d 629; and may support a conviction of second degree burglary where other evidence is adduced to link the defendant with the crime, *Holtel* v. *State* (1972), 155 Ind. App. 1, 290 N.E.2d 775. Such other evidence is plentiful in the instant case.

Giles relies upon the case of *Melvin* v. *State* (1968), 249 Ind. 351, 232 N.E.2d 606 for the proposition that mere suspicion or guess that defendant committed the crime is insufficient to support a conviction. We agree with that proposition, but, as incisively stated by Judge Sharp in the factually similar case of *Walton* v. *State, supra:*

"While the facts are somewhat similar, the *Melvin* case is clearly distinguishable on two salient facts. In the present case Appellant fled, whereas in *Melvin, supra,* there was no evidence of flight. Secondly, the Appellant here was seen with a t.v. actually in his possession. However, in *Melvin, supra,* the accused was seen walking in the opposite direction about three feet from the stolen item." 299 N.E. 2d at 233.

Judgment affirmed.

Buchanan and White, JJ., concur.

NOTE.—Reported at 320 N.E.2d 806.

---

1. Neither Giles nor his companions testified at trial. However, the appellant's brief proffers an explanation, *albeit* extracted from the pre-commitment investigation report: Giles reported that he and his companions *simply found* the tires and air conditioner behind the store.