Doug HALEY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 66A03–9706–CR–223.

Court of Appeals of Indiana.

July 2, 1998.

Kelly Leeman, Logansport, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Kent D. Zepick, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

ROBERTSON, Senior Judge.

Doug Haley appeals his convictions for possession of a controlled substance and resisting law enforcement, both Class A misdemeanors, following a bench trial.

*Issues*

Haley presents three issues for our review, which we consolidate and restate as whether the trial court erred in denying Haley's motion to suppress evidence seized during a warrantless search of a tent at a public campground.

*Facts and Procedural History*

On May 13, 1995, Haley went to visit his wife at Tippecanoe State Park, where she had been camping in a tent since leaving their home several days earlier. Haley paid the campsite rental fee for the night.

At approximately 10:30 that night, three conservation officers entered the Park and were alerted by the Park's security guard of possible drug activity at Haley's campsite. The officers drove to an adjacent campsite and observed the tent and its occupants from their vehicle for several minutes. The tent had two "rooms," one of which was enclosed on three sides by screen, and the other was enclosed by traditional canvas. A zippered canvas flap separated the two "rooms," and that flap was tied back. The tent was lit by an electric lamp. Three men and two women were inside the tent. The officers observed one man and one woman in the screened area of the tent sharing a hand-rolled cigarette, and believed the cigarette to contain marijuana. They approached the tent and knocked on a bucket sitting outside the tent to announce their presence as they unzipped the flaps to the screened room. Haley was sitting in the back part of the tent, and when the officers entered, one officer noticed Haley put his hand under a blanket. The officer ordered Haley not to move and another officer drew his gun and pointed it at Haley. In Haley's hand was a 35mm film canister which contained an off-white powdery substance later determined to be methamphetamine. A further search of the tent revealed the remains of the cigarette butt in a can of beer and a quantity of a green leafy substance believed to be marijuana. The officers advised all five people of their *Miranda* rights.

As the officers escorted all five people from the tent, Haley began to run, but stopped when the officers instructed him to. At the Park office, the officers advised Haley and the man and woman who had been seen smoking the cigarette that they were under arrest, and allowed the other two occupants of the tent to leave.

Haley was charged with possession of a controlled substance, a Class D felony, and resisting law enforcement, a Class A misdemeanor. Haley filed a motion to suppress the evidence obtained during the search of the tent and testimony regarding that evidence, which was denied by the trial court. After a bench trial during which Haley again objected to the introduction of evidence from the search, Haley was found guilty of possession of a controlled substance as a Class A misdemeanor and resisting law enforcement, and sentenced to one year of imprisonment for each count, with six months suspended, the sentences to be served concurrently. Additional facts will be supplied as needed.

*Discussion and Decision*

Haley contends that the trial court erred in denying his motion to suppress evidence obtained during the warrantless search of the tent. Haley contends that the State did not satisfy its burden of proof on the issue of probable cause and did not show that any exigent circumstances existed to justify the search.

■ The threshold question for us is whether the officers intruded upon an area in which Haley had an expectation of privacy protected under the United States and Indiana Constitutions.[1] *See* U.S. Const. amend. IV; Ind. Const. art. I, § 11. Whether a person camping in a tent erected in a public campground is entitled to constitutional protection against unreasonable search

---

1. Although our supreme court has recently stated that the Indiana Constitution provides a prohibition against unreasonable searches and seizures independent of that in the United States Constitution, *Peterson v. State*, 674 N.E.2d 528, 533 (Ind.1996), *reh'g denied, cert. denied,* —— U.S. ——, 118 S.Ct. 858, 139 L.Ed.2d 757 (1998), Haley fails to present argument based upon a separate analysis of the Indiana Constitution, and therefore, we will analyze this claim only under federal standards.

and seizure is an issue of first impression in Indiana. Haley compares the tent to a hotel room, citing several Indiana cases holding that a person renting a hotel or motel room may have a legitimate expectation of privacy in the room. *See Myers v. State,* 454 N.E.2d 861 (Ind.1983); *Norwood v. State,* 670 N.E.2d 32 (Ind.Ct.App.1996); *Mowrer v. State,* 447 N.E.2d 1129 (Ind.Ct.App.1983). Haley also cites several cases from other jurisdictions specifically holding that a person camping in a tent is entitled to constitutional protection. *See United States v. Gooch,* 6 F.3d 673, 677 (9th Cir.1993) (holding that a person can have an objectively reasonable expectation of privacy in a tent erected in a public campground); *People v. Schafer,* 946 P.2d 938, 941 (Colo.1997) (determining that a camper has a reasonable expectation of privacy in a tent used for habitation); *Alward v. State,* 112 Nev. 141, 912 P.2d 243, 249 (1996) (holding that choosing to make a tent as opposed to a hotel a temporary residence does not diminish the expectation of privacy). The State has made no argument regarding whether a person can have an expectation of privacy in a tent.

■ *Mowrer* determined that the defendant had the same expectation of privacy in his hotel room as he did in his own home. Because he had spent the night in the room and had eaten a meal there just before his warrantless arrest, the room was clearly his "transitory home." Therefore, the officers could not enter the room to search or arrest without a warrant or exigent circumstances. 447 N.E.2d at 1131–32. As a general proposition, we agree with Haley that the constitutional protections provided to those who rent hotel rooms should also extend to those who choose to make their "transitory home" a tent, if they have exhibited a subjective and reasonable expectation of privacy in that tent. Testimony at the suppression hearing indicated that Haley's wife had been using the tent as her residence for several days, but that Haley had paid the rental fee for the campsite on the night in question. R. 364–66. Haley had been at the campsite several times during the day and had been there for several consecutive hours prior to the officers' arrival. R. 367. Haley manifested a subjective intention to make the tent his "transitory home" at least for that night.

■ We turn, then, to Haley's contention that the warrantless search of the tent which uncovered the canister of methamphetamine was illegal. Initially, we note our standard of review when reviewing a trial court's ruling on the validity of a search and seizure: we consider the evidence most favorable to the ruling and any uncontradicted evidence to the contrary to determine whether there is sufficient evidence to support the ruling. *Rook v. State,* 679 N.E.2d 997, 999 (Ind.Ct.App.1997). If the evidence is conflicting, we consider only the evidence favorable to the ruling and will affirm if the ruling is supported by substantial evidence of probative value. *Id.*

■ A warrantless search can only be justified by probable cause and one of the few, well-delineated exceptions to the warrant requirement, and the State carries the burden of proving that the action fell within one of the exceptions. *Lomax v. State,* 510 N.E.2d 215, 220 (Ind.Ct.App.1987). Although an exception may justify proceeding without a warrant, it does not eliminate the need for probable cause. *Culpepper v. State,* 662 N.E.2d 670, 675 (Ind.Ct.App.1996), *reh'g denied, trans. denied.*

■ Haley first argues that the State did not prove that the officers had probable cause to engage in a warrantless search. In response, the State asserts that the activity the officers could clearly see inside the tent was consistent with use of drugs and constituted probable cause. Probable cause exists when facts and circumstances would lead a reasonable person to conclude that another was committing a criminal offense. *Sears v. State,* 668 N.E.2d 662, 667 (Ind.1996).

A review of the evidence given at the suppression hearing reveals the following: the officers were alerted to possible drug activity at Haley's campsite by a Park security officer. The officers drove to an adjacent campsite and observed the tent and its occupants for several minutes. The officers testified that the tent was lit well enough for them to see clearly into the screened areas of the tent. They observed a man and a woman

passing a hand-rolled cigarette back and forth, inhaling deeply and not exhaling. They did not see any smoke or smell any characteristic odor. The officers testified that in their experience, the sharing of a hand-rolled cigarette in such a manner indicated that the cigarette contained marijuana.

■ We have determined that the occupants of the tent were entitled to constitutional protection against warrantless searches and seizures of the premises if they exhibited a subjective and reasonable expectation of privacy therein. Testimony indicated that the occupants of the tent were camped in a public campground in a tent with a considerable amount of screening which allowed those camped at other campsites or traveling on the roads through the campground to see into the tent. The occupants made no attempt to protect their privacy by moving out of the screened "room" and into the canvas "room," which they could secure from outside viewing by closing the flaps. Therefore, by leaving the tent open, the occupants of the tent did not display a reasonable expectation of privacy in the tent. *See Sayre v. State,* 471 N.E.2d 708, 713 (Ind. Ct.App.1984) (holding that the defendants did not display a reasonable expectation of privacy in their dwelling by leaving the curtains on the front window, which was only a few feet from the front door, open). The officers were able to see clearly into the tent and observe the occupants, and obtained probable cause to believe that the persons in the tent were engaged in illegal drug activity from their lawful view into the tent. Absent proof of some exception to the warrant requirement, however, this lawful view provided only probable cause to obtain a search warrant. *See id.*

Haley further argues that, assuming probable cause existed, as we have found, the State did not prove that any exigent circumstances existed to justify the search. The State asserts that the warrantless search which yielded the evidence which Haley seeks to suppress was justified because a marijuana cigarette was displayed in plain view by the occupants, because destruction of the evidence was imminent, and because the officers were entitled to make a search incident to arrest.

■ The State asserts that the officers' plain view of the marijuana cigarette negates the warrant requirement. We believe that the State has confused the doctrine of "plain view" with that of "open view," and has failed to consider what evidence is sought to be suppressed. The plain view doctrine applies when an officer, after lawfully intruding into a constitutionally protected area, inadvertently sees contraband in plain view and seizes it without a warrant.[2] *Wood v. State,* 592 N.E.2d 740, 742 (Ind.Ct.App.1992). The plain view doctrine, then, is an exception to the warrant requirement. *Sloane v. State,* 686 N.E.2d 1287, 1291 (Ind.Ct.App.1997), *trans. denied.* It is an exception, however, that is not applicable here. The State must first show that the officers were lawfully inside the tent before the plain view doctrine can be utilized, and in any event, the film canister which is the subject of Haley's motion to suppress was not in plain view.

■ As for the imminent destruction of evidence exception to the warrant requirement, the officers testified that the cigarette was burning down to a small butt, and they entered the tent to secure what remained of the cigarette as evidence.

Exigent circumstances justifying a warrantless search exist where the police have an objective and reasonable fear that the evidence is about to be destroyed; the arresting officers must have a reasonable belief that there are people within the premises who are destroying or about to

---

**2.** The open view doctrine covers those situations in which an officer sees contraband from an area that is not constitutionally protected. *State v. Thomas,* 642 N.E.2d 240, 245 (Ind.Ct.App.1994), *trans. denied.* No search has yet occurred when officers see contraband in open view. *Hester v. State,* 551 N.E.2d 1187, 1191 (Ind.Ct.App.1990). The marijuana cigarette was observed by the officers from an adjacent campsite in a public park; the officers had not yet intruded into a constitutionally protected area when they viewed the cigarette. The "open view" of the marijuana cigarette provided only probable cause, as discussed above, to believe that drug use was occurring. It does not alone justify the warrantless entry into the tent which resulted in the search and seizure of the film canister.

destroy the evidence. In such a case, the evidence's nature must be evanescent and the officers must fear its imminent destruction. The fact that narcotics are involved does not, standing alone, amount to exigent circumstances justifying a warrantless search or arrest.

*Esquerdo v. State,* 640 N.E.2d 1023, 1027 (Ind.1994) (citing *Harless v. State,* 577 N.E.2d 245, 248 (Ind.Ct.App.1991)). Testimony at the suppression hearing indicated that the occupants of the tent were not aware of the officers' presence until their entry into the tent. The only "destruction of evidence" was the consumption of the cigarette in the normal course.

We believe the facts of this case are similar to those of *State v. Williams,* 615 N.E.2d 487 (Ind.Ct.App.1993), in which we upheld the trial court's grant of the defendant's motion to suppress. In *Williams,* the officers had information that the defendant had drugs in his possession. They conducted surveillance of the house to confirm the defendant's presence and approached the house to seek the occupants' consent to a search. When they knocked and announced that they were police officers, they were able to see the defendant run into another room, and entered the house. They found the defendant in the kitchen with packets of cocaine scattered on the floor around him. We held that because the officers had probable cause to believe there were drugs in the defendant's residence before knocking on the door, and because the "emergency" claimed by the State was in fact created by the officers' approach and was clearly foreseeable to them, the warrantless search was not justified by the actual or imminent destruction of evidence.

Likewise in this case, it was only after the officers announced their presence and entered the tent that the occupants of the tent put what remained of the cigarette into a nearby beer can and attempted to hide the can. The officers observed the drug activity before the occupants of the tent became aware of their presence, and the officers had the tent and its occupants under surveillance. There was no indication that the occupants of

the tent were attempting to leave the campsite with the cigarette, and it is not likely that the cigarette would be so totally consumed that no evidence of its existence remained. Therefore, the testimony does not adequately explain why no attempt was made to secure a warrant prior to the officers entry into the tent, and again, the State has made no argument for why entry into the tent to prevent the destruction of the cigarette and preserve it for evidentiary purposes would justify the search which revealed the film canister of methamphetamine.

In addition, the United States Supreme Court has held that "an important factor to be considered when determining whether any exigency exists is the gravity of the underlying offense for which the arrest is being made.... [H]ome entry should rarely be sanctioned when there is probable cause to believe that only a minor offense ... has been committed." *Welsh v. Wisconsin,* 466 U.S. 740, 753, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984). In dissent, Justice White conceded that the gravity of the offense was a factor in determining the lawfulness of the warrantless entry, but stated that if, under all the circumstances, the officers have probable cause to believe that delaying to procure a warrant will endanger the officers or result in the suspect's escape, the exigencies should not be disregarded though the offense is minor. *Id.* at 756–64, 104 S.Ct. 2091. Although another panel of this court has supported Justice White's approach, *State v. Blake,* 468 N.E.2d 548, 552 (Ind.Ct.App. 1984), we believe the result in this case would be the same no matter which approach is utilized. Possession of one cigarette of marijuana, which is the only offense for which the officers had probable cause prior to entering the tent, is a misdemeanor,[3] and the officers had no cause to believe that they were in danger, as the occupants of the tent were not aware of the officers' presence, nor did they have cause to believe the occupants of the tent would "escape," as there was no indication that any of the occupants were intending to leave the campsite. If they were to attempt to leave, the officers had the tent under surveillance and could have acted at

---

3. Ind.Code § 35–48–4–11(1).

that time. The exigencies of this situation do not support a warrantless entry into the occupants' "home."

 Finally, the State asserts that the film canister was lawfully discovered pursuant to a search incident to the arrest of the individuals who were smoking the cigarette. An officer may arrest a person without a warrant if the officer has "probable cause to believe the person is committing or attempting to commit a misdemeanor in the officer's presence...." Ind.Code § 35–33–1–1(a)(4). An officer need not obtain a search warrant if the search is conducted incident to a lawful arrest. *Sears v. State*, 668 N.E.2d 662 (Ind. 1996). This exception to the warrant requirement is narrowly tailored and designed to protect the officers and to prevent the destruction of evidence. *Jackson v. State*, 669 N.E.2d 744, 750 (Ind.Ct.App.1996). However, an unlawful arrest cannot be the foundation of a lawful search incident to the arrest. *Id.* Evidence obtained as a direct result of an unlawful search is excluded under the "fruit of the poisonous tree" doctrine. *Id.* We have already determined that the officers were not justified by any exception to the warrant requirement in entering the tent without a warrant. Therefore the search which yielded the film canister was also unlawful and Haley's motion to suppress as to this evidence should have been granted.

 Haley does not make any argument with respect to his resisting law enforcement conviction other than to assert that it, too, was the fruit of the illegal search and seizure. We do not believe that the testimony concerning Haley's actions once removed from the tent is a "direct result" of the unlawful search. Therefore, we see no error in the trial court's denial of Haley's motion to suppress as far as it concerns this testimony.

Accordingly, we reverse Haley's conviction for possession of a controlled substance and remand with instructions to the trial court to grant Haley's motion to suppress with respect to evidence and testimony concerning the film canister and its contents. The trial court is, in all other respects, affirmed.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

DARDEN, J., concurs.

RUCKER, J., dissents with Opinion.

RUCKER, Judge, concurring in part, dissenting in part.

I concur in the result reached by the majority. I take issue with that portion of the majority opinion which implies that consumption of the marijuana cigarette burning down to a small butt did not represent destruction of evidence. True, the evidence the defendant ultimately sought to suppress concerned methamphetamine. However, focusing on the ultimate target of the seizure does not resolve the question of whether the officers were justified in conducting a warrantless search in the first instance. As the majority correctly points out "[e]xigent circumstances justifying a warrantless search exist where the police have an objective and reasonable fear that the evidence is about to be destroyed." Opinion at 102 quoting *Esquerdo v. State*, 640 N.E.2d 1023, 1027 (Ind.1994). Here a marijuana cigarette, the evidence giving rise to probable cause for an arrest, was being consumed. I agree with the State that destruction of this evidence was imminent. If not imminent, then it is at least reasonable to presume the evidence would have been completely destroyed by the time the officers, at 10:30 on a Saturday night, located a Magistrate, obtained a search warrant, and returned to execute the warrant. Nonetheless, because home entry should rarely be sanctioned when there is probable cause to believe that only a minor offense has been committed, I agree that in this instance the warrantless entry was improper.