**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 17, 2018[*]
Decided October 18, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 18-1646

| | |
|---|---|
| UNITED STATES of AMERICA,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>JEREMY HANDSHOE,<br>    *Defendant-Appellee*. | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division.<br><br>No. 1:15-CR-35-001<br><br>Theresa L. Springmann,<br>*Chief Judge*. |

**O R D E R**

Jeremy Handshoe, a tattoo parlor owner, twice sold firearms in 2015 to undercover police officers from the back room of his shop; he later pleaded guilty to two counts of possessing a firearm after a felony conviction, *see* 18 U.S.C. § 922(g)(1). The district judge sentenced Handshoe to the minimum 15-year term on each count, running concurrently, because she found that Handshoe's previous burglary

---

[*] We have agreed to decide the case without oral argument because the issues have been authoritatively decided. FED. R. APP. P. 34(a)(2)(B).

convictions under IND. CODE § 35-43-2-1 (1994, 2006) qualified as "violent felonies" under the Armed Career Criminal Act, 18 U.S.C. § 924(e).[1] Handshoe appeals, arguing that his burglary convictions are not violent felonies under the Act, so he should not be subject to the 15-year sentence that the Act requires. We affirm.

To determine whether a prior conviction counts as a violent felony under the Armed Career Criminal Act, sentencing courts apply a "categorical" approach that focuses exclusively on the elements of the crime of conviction and not on the facts underlying the conviction. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). If the elements of the crime of conviction are broader than the elements of the generic version of the offense—that is, if it criminalizes more behavior—then the crime of conviction is not a violent felony. *Id.* at 2251.

Indiana burglary practically mirrors the generic definition. Indiana's statute reads: "A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary … ." IND. CODE § 35-43-2-1 (1994, 2006). "Generic burglary" has been defined by the Supreme Court as "unlawful or unprivileged entry into … a building or other structure with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990).

Handshoe argues that Indiana has interpreted its statutory reference to "building or structure" to include locations like boats, cars, and tents that are excluded from the generic definition in *Mathis*, 136 S. Ct. at 2250. In support, he points to the Indiana Supreme Court's decision in *State v. Hancock*, 65 N.E. 3d 585, 593 (Ind. 2016) that Indiana's burglary statute is "substantially similar" to Ohio's, which explicitly includes vehicles and temporary shelters. OHIO REV. CODE ANN. §§ 2909.01(C), 2911.12(A)(2) (2018).

We have already concluded, however, that Indiana burglary does not "sweep[] more broadly" than generic burglary. *United States v. Perry*, 862 F.3d 620, 622–23 (7th Cir. 2017) (quoting *Descamps v. United States*, 570 U.S. 254, 261 (2013)); *see also United States v. Foster*, 877 F.3d 343, 345 (7th Cir. 2017) (affirming *Perry's* rationale). In *Perry*, we pointed out that no Indiana burglary conviction has arisen from the breaking and entering of locations not included in the generic definition. 862 F.3d at 624.

---

[1] Handshoe was convicted for breaking and entering two retail stores (1997), a muffler-repair shop and a residence (1998), and two restaurants (2006), each time with the intent to steal.

Handshoe also cites five dated Indiana appellate cases that he believes show that the state's burglary statute is broader than generic burglary. But these cases construed versions of Indiana's burglary statute that were repealed when Indiana modernized its criminal code in 1976, long before Handshoe's first burglary conviction. *See* IND. CODE ANN. § 35-13-4-1. Notably, previous versions were broader than generic burglary because they explicitly criminalized the breaking and entering of boats, vehicles, or aircrafts in addition to "any building or structure." *E.g.*, *Giles v. State*, 320 N.E.2d 806, 807 (Ind. App. 1979) (quoting IND. CODE § 35-13-4-4). But the legislature dropped references to vehicles in the 1976 revision, in favor of the narrower "building or structure" language. IND. CODE § 35-43-2-1 (2018).

Finally, Handshoe contends that the Indiana Supreme Court's decision to extend Fourth Amendment protections to tents in *Haley v. State*, 696 N.E.2d 98, 102 (Ind. Ct. App. 1998) supports the inference that Indiana burglary is broader than generic burglary. This ruling, however, does not bear on the scope of Indiana's burglary statute.

AFFIRMED