**Anthony Ray HARLESS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 18A02–9104–CR–153.[1]**

Court of Appeals of Indiana,
First District.

Aug. 28, 1991.

---

**1.** This case was diverted to this office by order of the Chief Judge.

Geoffrey A. Rivers, Muncie, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Anthony Ray Harless (Ray) appeals from his conviction of Possession of Cocaine,[1] a Class D felony. We reverse and remand for a new trial.

## ISSUE

Are a warrantless intrusion and search of a home improper, where the State's alleged exigent circumstances justifying the search fail to meet the standards mandated by the Fourth Amendment?[2]

## FACTS

On March 1, 1990, Gary Harless, Ray's brother, purchased cocaine for an undercover police officer from Ray at the home of Ray's girlfriend, Tammy Sebastian (Sebastian's home). With money provided by the police, Gary attempted to buy cocaine from Ray at Sebastian's home again on March 6, 1990. Ray did not have enough cocaine available, so Gary was unable to complete the sale.

Police officers stopped Gary and arrested him shortly after the failed purchase. Gary told the police that cocaine was present in the home, and that Ray and several others were smoking it. Some of the "buy money" that the police had supplied to Gary was missing, so the police decided to raid the house to recover the money and the cocaine that was being consumed. They did not have at any time an arrest warrant or a search warrant.

A group of police officers, comprising a SWAT team, entered and secured the home after the standard knock and announce pre-entry procedure. The team left when narcotics officers arrived in the home to investigate. Ray was lying on a sofa suffering from back pain, so the police did not attempt to move him, other than to remove a rifle that was on the floor beside him and to conduct a pat down search, during which they recovered the missing "buy money".

The police advised Ray of his rights and advised him concerning a search of the home; Ray gave his written consent to the search and signed a waiver of rights. A search of the home disclosed several items, some of which contained cocaine; the cocaine was found in a kitchen cabinet. The court denied Ray's pre-trial motion to suppress the evidence obtained as a result of the search.

## DISCUSSION AND DECISION

■ The trial court has broad discretion in ruling on the admissibility of evidence and in determining its relevancy. We will disturb its ruling only upon a showing of abuse of that discretion. *Kremer v. State* (1987), Ind., 514 N.E.2d 1068, 1073. Ray argues that the trial court abused its discretion in admitting evidence obtained from the search of Sebastian's home and this warrants reversal. We agree.

The State asserts that Ray lacks standing to contest the search of Sebastian's home. We find that Ray has standing.

■ A defendant's status as an overnight guest is alone enough to show that he has an expectation of privacy in the home that society recognizes as reasonable and protected under the fourth amendment; such guests have standing to contest a search of the home. *Minnesota v. Olson* (1990), 495 U.S. ——, ——, 110 S.Ct. 1684, 1689–1690, 109 L.Ed.2d 85, 94–95. Ray had stayed overnight at Sebastian's home on many occasions and on the evening preceding the day on which the search occurred.

---

1. IND.CODE § 35–48–4–6.

2. Because resolution of this issue requires reversal and a new trial, we do not address the appellant's additional bases for appeal.

His presence in the home provides the necessary standing to challenge the search.

The State, however, cites *Everroad v. State* (1991), Ind.App., 570 N.E.2d 38, 46, *trans. pending*, in claiming that Ray cannot assert standing under *Minnesota.* We see important distinctions between the facts in *Everroad* and those in the case at bar. In *Everroad*, the court characterized the defendants as merely "casual visitor[s]" in their mother's home. *Everroad*, 570 N.E.2d at 46. They only occasionally stayed overnight in the home and had been in the home for only one hour prior to the police's arrival. *Id.* In contrast, Ray stayed overnight at his girlfriend's home fairly often, and paid several of the household utility bills. The facts in this case are stronger than those that the *Minnesota* Court found dispositive. We see this close nexus to the home as providing more than ample proof of Ray's expectation of privacy in the home to warrant standing to contest the search.

■ A judicially issued search warrant is a condition precedent to a valid search and seizure except under a few narrowly drawn exceptions, where the exigencies of the situation require an immediate response. *Richard v. State* (1985), Ind.App., 482 N.E.2d 282, 285; *see* U.S. Const. amend. IV. Courts should take a very hard line against the search of a person's home without a warrant or consent; and therefore, demand a genuine showing of an emergency before they will excuse the police's failure to obtain a warrant. *United States v. Salgado* (7th Cir.1986), 807 F.2d 603, 609 *cert. denied*, 487 U.S. 1233, 108 S.Ct. 2897, 101 L.Ed.2d 931. Such exigent circumstances justify dispensing with the search warrant but do not eliminate the need for probable cause. *Id.* The State bears the burden of proving that a warrantless search falls into one of the exceptions to the requirement of a judicially issued search warrant. *Id.*

■ The exceptions to the fourth amendment's requirement of a search warrant before lawful entry of a premises include risk of bodily harm or death, aiding a person in need of assistance, protecting private property, or actual or imminent destruction or removal of evidence before a search warrant may be obtained. *Sayre v. State* (1984), Ind.App., 471 N.E.2d 708, 714, *cert. denied*, 475 U.S. 1027, 106 S.Ct. 1226, 89 L.Ed.2d 336. Exigent circumstances justifying a warrantless search exist where the police have an objective and reasonable fear that the evidence is about to be destroyed; the arresting officers must have a reasonable belief that there are people within the premises who are destroying or about to destroy the evidence. *United States v. Napue* (7th Cir.1987), 834 F.2d 1311, 1326–1327. In such a case, the evidence's nature must be evanescent and the officers must fear its imminent destruction. *United States v. Talkington* (7th Cir.1988), 843 F.2d 1041, 1044. The fact that narcotics are involved does not, standing alone, amount to exigent circumstances justifying a warrantless search or arrest. *Jones v. State* (1980), Ind.App., 409 N.E.2d 1254, 1258.

The State asserts that the warrantless search was proper under *Sayre*, 471 N.E.2d 708. We find that *Sayre* is distinguishable on its facts. In *Sayre*, the police officers had probable cause to arrest the defendant for theft, and ultimately recovered controlled substances from the defendant's home. After the standard knock and announce procedure, the woman who answered the door yelled "Police!" and ran away. The police officers could see people inside the home moving rapidly away from the kitchen table with drug paraphernalia. The court held that this warrantless search was proper since the actual or imminent destruction of evidence was most likely to occur; also, there was no evidence that the officers observed the drug activity before the defendant and the others in the home became aware of the officers' presence so that a search warrant could have been obtained. *Id.* at 715.

■ Unlike the police officers involved in *Sayre*, the police officers who arrested Ray did not see people inside the home with drug paraphernalia prior to the knock and announcement, or observe any persons inside the home scrambling frantically to de-

stroy evidence of controlled substances before the officers entered. Moreover, the officers in the case at bar had previously observed what they believed to be drug activity stemming from Sebastian's home; thus, they could have and indeed did attempt to secure a warrant prior to entering the home. In sum, without a warrant, and because the facts which in *Sayre* excused the warrantless search based on the exigent circumstances doctrine are not present here, the search was improper. We cannot sanction an extension of the exigent circumstances doctrine that would seriously narrow the fourth amendment's protections and probable cause requirements. *Cf. Richard v. State* (1985), Ind. App., 482 N.E.2d 282 (warrantless search improper); *Short v. State* (1982), Ind., 443 N.E.2d 298 (warrantless search proper).

We also note that *United States v. Rubin* (3rd Cir.1973), 474 F.2d 262, *cert. denied,* 414 U.S. 833, 94 S.Ct. 173, 38 L.Ed.2d 68, is persuasive authority that additionally supports our determination. In *Rubin,* customs agents inspected an imported statue and discovered that it contained hashish. They returned the statue to its crate and later the defendant picked it up. The defendant deposited the crate at one address and then was arrested shortly thereafter at another location. Upon arrest, the defendant told a friend to call the defendant's brother. Based on the message the defendant assumably conveyed to his brother to destroy the hashish and because the agents knew that the statue contained hashish, they conducted a warrantless search of the defendant's home. The court held that the search was proper because the facts showed probable cause to believe that contraband was present and would be destroyed if the agents waited to obtain a search warrant. *Id.* at 268.

Unlike the agents in *Rubin,* the police officers in Ray's case did not know positively that there was cocaine in Sebastian's home on that evening, though there had been cocaine in the home several days earlier; there were no facts which made the officers certain that the evidence was being destroyed, other than the testimony of Ray's brother; and there was no implicit or explicit message to the home's occupants to destroy any evidence because of an impending search. In short, the facts in *Rubin* that caused an emergency situation to exist dispensing with the warrant requirement are not present here. "Fruit of the poisonous tree," that is, evidence obtained as the result of an illegal search, is inadmissible; similarly, Ray's consent, given as a consequence of the illegal entry, is also inadmissible. *See Wong Sun v. United States* (1963), 371 U.S. 471, 487–488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441, 455 (evidence suppressed as "fruit of the poisonous tree" because the defendant's statements aided the police in their search for evidence after an illegal entry). Thus, the search of Sebastian's home, Ray's consent to the search, and the seizure of evidence were improper, and any cocaine and paraphernalia recovered are inadmissible.

The State also alleges that a protective sweep of the premises would have been allowable under *Maryland v. Buie* (1990), 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276. The State's reliance on *Buie* is misplaced. That case involved a situation in which a searching officer possessed a reasonable belief based on specific and articulable facts that the area to be searched harbored an individual who posed a danger to those at the arrest scene. *Id.* at ——, 110 S.Ct. at 1098, 108 L.Ed.2d at 286. No facts in the case at bar show that Ray or anyone in the home posed such a danger. It is true that a rifle was found next to Ray, but the State conceded that Ray was in severe pain and reclining on a couch when the officers entered the home. Any danger to trained SWAT team members bearing arms was minimal, and the chance of a confederate hiding in the kitchen cabinets was minuscule. Therefore, *Buie* is inapplicable.

Reversed and remanded for a new trial.

BAKER and SHARPNACK, JJ., concur.