Daniel J. **TROYER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 44A03–9206–CR–00190.

Court of Appeals of Indiana, Third District.

Jan. 13, 1993.

Rehearing Denied Feb. 25, 1993.

Allen R. Stout, Latriealle Wheat, Wheat and Stout, Angola, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Daniel J. Troyer brings this interlocutory appeal to challenge the trial court's denial of his motion to suppress evidence.

The facts relevant to the appeal disclose that on the evening of August 5, 1991, Detective Herbert Bergman of the La-Grange County Sheriff's Department met with a confidential informant who informed him that appellant was growing marijuana in a field near State Road 120. Detective Bergman contacted Art Atwater, a state police officer involved in the marijuana eradication program, and asked him to conduct an aerial surveillance of the property. The following morning, Officer Atwater flew over the property in a helicopter and directed Bergman to a plot in the middle of a cornfield. Appellant was in the field when Bergman arrived, and Bergman told appellant why the police were there. Bergman and Officer Kevin Echterling then pulled up approximately 20 marijuana plants and loaded them into a truck.

That same morning, Officer Atwater also directed Officer Miles Stacey to a plot of 30 marijuana plants several hundred yards away from appellant's house. Officer Stacey observed that approximately three-fourths of the plants had been pulled, then he cut down the remaining plants and loaded them into a truck. After meeting with the other officers involved in the investigation, Stacey went to appellant's house and obtained his consent to search all the buildings on his property. Appellant also waived his *Miranda* rights and gave a statement to Stacey regarding his cultivation of the marijuana plants. The police did not have or obtain a search warrant at any point during the investigation.

Appellant raises three issues for review on interlocutory appeal. This Court restates the issues as follows:

(1) whether the warrantless views of the marijuana plants by the police were in violation of the Fourth Amendment;

(2) whether the warrantless seizures of the marijuana plants by the police were in violation of the Fourth Amendment; and

(3) whether appellant's confession and the other incriminating evidence the police recovered were "fruit of the poisonous tree."

First, appellant claims the warrantless views of the marijuana plants by the police were in violation of the Fourth Amendment. However, as the State notes, in order to implicate Fourth Amendment interests, the views must constitute "searches" in the constitutional sense. Here, neither the aerial nor the ground views constituted a search within the meaning of the Fourth Amendment. The police observed the marijuana in an "open field," and as an open field is neither a "house" nor an "effect" in which a person would have a legitimate expectation of privacy, a government intrusion upon same is not a search. *See Oliver v. United States* (1984), 466 U.S. 170, 104 S.Ct. 1735, 80 L.Ed.2d 214; *Blalock v. State* (1985), Ind., 483 N.E.2d 439. Consequently, the warrantless views of the plants by the police were lawful.

Appellant cites IND.CODE § 35–33–5–1 (1988 Ed.) for the proposition that Indiana has "taken an approach more restrictive of searches than the Fourth Amendment limi-

tations." IND.CODE § 35–33–5–1 reads as follows:

"(a) A court may issue warrants only upon probable cause, supported by oath or affirmation, to search any place for any of the following:

(1) Property which is obtained unlawfully.

(2) Property, the possession of which is unlawful.

(3) Property used or possessed with intent to be used as the means of committing an offense or concealed to prevent an offense from being discovered.

(4) Property constituting evidence of an offense or tending to show that a particular person committed an offense.

(5) Any person.

(6) Evidence necessary to enforce statutes enacted to prevent cruelty to or neglect of children.

(b) As used in this section, 'place' includes any location where property might be secreted or hidden, including buildings, persons, or vehicles."

Specifically, appellant argues that, since he attempted to hide the marijuana by planting it in the middle of a cornfield, the police had a duty under the statute to obtain a warrant prior to searching the premises. However, this Court does not interpret IND.CODE § 35–33–5–1 as creating a legitimate expectation of privacy in an open field when a person has taken steps to conceal his activities. Moreover, even if this Court were to accept such an interpretation, the police had an unobstructed view of appellant's marijuana from the sky; therefore, the interpretation would be inapplicable to the instant case.

Next, appellant contends that, even if the warrantless views of the plants were lawful, the warrantless seizures were not. In *Sayre v. State* (1984), Ind.App., 471 N.E.2d 708, this Court noted that "[t]he lawfulness of the view does not *ipso facto* determine whether the subsequent seizure was lawful." *Id.* at 713. The *Sayre* court went on to note that while a lawful view might provide probable cause for obtaining a search warrant, probable cause without more (*i.e.*, exigent circumstances) could not justify a warrantless seizure. *Id.* at 713–714.

Notwithstanding the above, this Court notes that, in contrast to one's house, automobile, or body, an open field is not a constitutionally-protected area. As previously discussed, a defendant has no legitimate expectation of privacy in an open field; therefore, we hold that a warrantless seizure of contraband in an open field is lawful. This holding does not extend to the seizure of items in "open view" (unless the items are also in an open field), nor is it in any way a comment upon the *Blalock* opinion.[1]

Lastly, appellant maintains that his confession and the other incriminating evidence the police recovered were "fruit of the poisonous tree" and, thus, inadmissible. However, where, as here, there was no illegal search or seizure, there can be no fruit of the poisonous tree. *Cf. Harless v. State* (1991), Ind.App., 577 N.E.2d 245, 249. The trial court did not err in denying appellant's motion to suppress evidence.

Affirmed.

STATON, J., concurs.

SULLIVAN, J., concurs in result.

1. Like the case at bar, *Blalock,* involved an aerial observation of marijuana in an open field. However, in *Blalock,* the police obtained a search warrant prior to any seizure; therefore, the Supreme Court did not address the seizure issue involved in the instant case.