Dale R. **HANNA**, Appellant–Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 33A01–9910–CR–344.

Court of Appeals of Indiana.

April 11, 2000.

Tommy L. Strunk, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

ROBB, Judge

Dale R. Hanna brings an interlocutory appeal of the trial court's denial of his motion to suppress evidence obtained by a warrantless search of a residence.

We reverse.

### Issue

Hanna raises one issue for our review, which we restate as: whether the trial court erred in denying his motion to suppress evidence obtained by a warrantless search of a residence where Hanna was an invited overnight guest.

### Facts and Procedural History

On July 26, 1997, at approximately 12:57 a.m., Middletown Police Officer David K. Angell responded to a loud music complaint at 186 N. 5th Street. Upon arrival, Officer Angell determined that the loud music was emanating from a ground floor

apartment leased by Kevin Hunt. Thereafter, Officer Angell forcefully knocked on the door of Hunt's apartment several times, receiving no response from within. Officer Angell then proceeded to the side of the building and attempted to look into the windows of the apartment, but his view was obstructed by drawn curtains and window blinds. Officer Angell returned to the front door of the apartment and continued to forcefully knock until he broke both the trim around the door and the security chain. From his vantage point outside the now open door, Officer Angell could see no one inside the apartment. Officer Angell then proceeded into and through the residence to the bedroom, where he saw Hunt and Hanna with a white powdery substance, later determined to be cocaine.

Subsequently, the State charged Hanna with possession of cocaine, a Class D felony,[1] possession of marijuana, a Class A misdemeanor,[2] and possession of drug paraphernalia, a Class A misdemeanor.[3] Thereafter, Hanna filed a motion to suppress the evidence gathered during the warrantless search of Hunt's apartment. After a hearing was held on the motion, the trial court denied Hanna's motion to suppress on May 28, 1998. Soon afterward, Hanna filed a motion to reconsider the trial court's order denying the motion to suppress, which the court denied on August 24, 1999. The trial court certified this case for interlocutory appeal on October 1, 1999. Additional facts will be provided as necessary.

*Discussion and Decision*

### I. Standard of Review for Admission of Evidence

■■■ When ruling on the admissibility of evidence, the trial court is afforded broad discretion, and Indiana appellate courts will only reverse the ruling upon a showing of abuse of discretion. *Smoote v. State*, 708 N.E.2d 1, 3 (Ind.1999). An abuse of discretion involves a decision that is clearly against the logic and effect of the facts and circumstances before the court. *Stone v. State*, 536 N.E.2d 534, 538 (Ind. Ct.App.1989), *trans. denied.* When reviewing the trial court's ruling on the validity of the search, we consider the evidence most favorable to the trial court's ruling and any uncontradicted evidence to the contrary to determine whether there is sufficient evidence to support the ruling. *Rook v. State*, 679 N.E.2d 997, 999 (Ind.Ct. App.1997) (citing *Peterson v. State*, 674 N.E.2d 528, 532 (Ind.1996), *cert. denied*, 522 U.S. 1078, 118 S.Ct. 858, 139 L.Ed.2d 757 (1998)).

### II. Warrantless Search and Seizure of a Residence

■■■ Hanna contends that the trial court erred when it denied his motion to suppress because the warrantless search of the apartment in which Hanna was an overnight guest was in violation of his constitutional rights as set forth in the Fourth Amendment of the United States Constitution and Article I, Section 11, of the Indiana State Constitution. The State contends that the evidence is admissible because Officer Angell's initial entry was justified by exigent circumstances and because upon entry, the contraband fell under the plain view doctrine. The State concedes that Hanna has standing to challenge the evidence gathered during the warrantless search.[4] Brief of Appellee at

---

1. Ind.Code § 35–48–21–6.

2. Ind.Code § 35–48–4–11–(1).

3. Ind.Code § 35–48–4–8–3(a)(1).

4. We believe that the police intruded upon an area in which Hanna had a reasonable expectation of privacy protected under the United States and Indiana Constitutions. *See* U.S. Const. Amend. IV; Ind. Const. Art. I § 11. An overnight guest has a legitimate expectation of privacy in his host's home and may claim the protection of the Fourth Amendment, but one who is merely present with the consent of the householder may not. *Minnesota v. Olson*, 495 U.S. 91, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990). More recently, the United States Supreme Court in *Minnesota v. Carter*, 525 U.S. 83, 119 S.Ct. 469, 142

**5.** We hold that the trial court erred in denying Hanna's motion to suppress evidence because the warrantless search was clearly illegal.

### A. Probable Cause

█ Hanna contends that the warrantless search of the apartment was illegal. Initially, we note our standard of review when reviewing a trial court's ruling on the validity of a search and seizure: we consider the evidence most favorable to the ruling and any uncontradicted evidence to the contrary to determine whether there is sufficient evidence to support the ruling. *Rook*, ·679 N.E.2d at 999. If the evidence is conflicting, we consider only the evidence favorable to the ruling and will affirm if the ruling is supported by substantial probative evidence. *Id.*

█ The Fourth Amendment to the United States Constitution protects both privacy and possessory interests by prohibiting unreasonable searches and seizures. *Sloane v. State*, 686 N.E.2d 1287, 1290 (Ind.Ct.App.1997), *trans. denied*, (citing *Culpepper v. State*, 662 N.E.2d 670, 675 (Ind.Ct.App.1996), *trans. denied*). Under the Fourth Amendment, a warrantless search can only be justified by probable cause and one of the few, well-delineated exceptions to the warrant requirements, and the State carries the burden of proving that the action fell within one of the exceptions. *Lomax v. State*, 510 N.E.2d 215, 220 (Ind.Ct.App.1987). Although an exception may justify proceeding without a warrant, it does not eliminate the need for probable cause. *Culpepper*, 662 N.E.2d at 675.

█ Hanna first argues that the State failed to prove that Officer Angell had probable cause to engage in a warrantless search of Hunt's apartment. In response, the State asserts that Officer Angell had probable cause to enter Hunt's apartment because of the possibility that a crime was being committed due to the volume of the noise emitting from the apartment, and the apparent absence of residents inside the dwelling which could indicate that the occupants were either hurt or injured. However, Officer Angell testified at the suppression hearing that, before entering the apartment, he did not believe or suspect that the occupants of the apartment were committing any type of criminal activity, besides violating the noise ordinance of the town of Middletown. R. 74. Thus, it is clearly evident that Officer Angell did not have facts upon which he could reasonably conclude that the occupants were engaging in or were the victims of criminal activity.

█ Second, the State argues that Officer Angell had probable cause to enter the residence because he "entered the premises in order to investigate and abate the noise disturbance, and the disturbance was a potential violation of Indiana Code § 35–45–1–3." Brief of Appellee at 5. Officer Angell testified at the suppression hearing that the loud noise emitting from Hunt's apartment violated the Middletown noise ordinance. R. 71. He further testified that a violation of the civil ordinance resulted in a fine of ten or fifteen dollars, but that a warning normally sufficed to reduce the noise. *Id.*

█ The State, however, does not argue the municipal noise ordinance on appeal, but rather asserts that the disorderly conduct statute, codified at Indiana Code section 35–45–1–3, gave Officer Angell probable cause to enter the apartment. However, the disorderly conduct statute is

L.Ed.2d 373 (1998), held that defendants, who were in another person's apartment for a short time solely for the purpose of packaging cocaine, had no legitimate expectation of privacy in the apartment, and thus, any search which may have occurred did not violate their Fourth Amendment rights. In the present case, a previous relationship existed between Hanna and Hunt; they had been friends for five years. R. 78. Hanna had stayed overnight at Hunt's apartment over twenty times within the few months before July 26, 1997. R. 80. Therefore, Hanna, as Hunt's overnight guest, had a reasonable expectation of privacy in Hunt's apartment and is entitled to the protection of the Fourth Amendment.

violated only after a person continues to make unreasonable noise "after being asked to stop." *Price v. State,* 622 N.E.2d 954, 967 (Ind.1993). This warning requirement provides special protection to persons unaware that their noise level has become unreasonable. *Id.* Officer Angell did not confront the occupants until *after* he had entered the inner sanctum of the apartment. Thus, we cannot envision any articulable facts which would provide Officer Angell probable cause to enter Hunt's apartment without a warrant.[5]

### B. "Fruit of the Poisonous Tree"

■ Because we have determined that Officer Angell did not have probable cause to enter the residence, we must now determine whether the evidence obtained from the search of the apartment should be excluded as the "fruit of the poisonous tree." The "fruit of the poisonous tree" doctrine is one facet of the exclusionary rule of evidence which bars the admissibility in a criminal proceeding of evidence obtained in the course of unlawful searches and seizures. *See C.D.T. v. State,* 653 N.E.2d 1041, 1044–45 (Ind.Ct.App.1995) (quoting *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961)); *Mundt v. State,* 612 N.E.2d 566, 567, n. 1 (Ind.Ct. App.1993), *trans. denied.* When applied, the doctrine operates to bar not only evidence directly obtained, but also evidence derivatively gained as a result of information learned or leads obtained during an unlawful search or seizure. *Wong Sun v. United States,* 371 U.S. 471, 484–85, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Jackson v. State,* 669 N.E.2d 744, 750 (Ind.Ct.App. 1996); *Herald v. State,* 511 N.E.2d 5, 8 (Ind.Ct.App.1987), *trans. denied.* To invoke the doctrine, a defendant must show that challenged evidence was obtained by the State in violation of the defendant's Fourth Amendment rights. *New York v. Harris,* 495 U.S. 14, 19, 110 S.Ct. 1640, 109 L.Ed.2d 13 (1990). Stated differently, the defendant must show that the search or

seizure was illegal in the first instance. Where there is no illegal search or seizure, there can be no "fruit of the poisonous tree." *Deckard v. State,* 670 N.E.2d 1, 6 (Ind.1996); *Troyer v. State,* 605 N.E.2d 1183, 1185 (Ind.Ct.App.1993), *trans. denied.*

■ However, the "fruit of the poisonous tree" doctrine has no application when the derivative evidence has an "independent source," *Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 392, 40 S.Ct. 182, 64 L.Ed. 319 (1920), when the "connection between the lawless conduct of the police and the discovery of the challenged evidence has 'become so attenuated as to dissipate the taint,'" *Wong Sun,* 371 U.S. at 487, 83 S.Ct. 407, and when the challenged evidence would inevitably have been properly obtained. *Nix v. Williams,* 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984).

■ In the present case, we believe that Hanna has shown that the drugs obtained during the search of Hunt's apartment were in violation of Hanna's Fourth Amendment rights. Because Officer Angell did not have probable cause to make the initial entry into the residence, all of the drugs obtained in the apartment were the fruits of an illegal search. Moreover, we believe that the illegal drugs obtained from the search were directly connected to the illegal entry by Officer Angell, and thus, they have no independent source. Therefore, the "fruit of the poisonous tree doctrine" bars the admission of the drugs into evidence, and the trial court erred in denying Hanna's motion to suppress.

### *Conclusion*

Based on the foregoing, we hold that the police did not have probable cause to enter the residence without a warrant, and thus, all evidence obtained from the illegal

---

**5.** We note that the State did not charge Hanna with disorderly conduct.

search should have been excluded pursuant to Hanna's motion to suppress.

Reversed.

BROOK, J., and NAJAM, J., concur.