Michael **SHARBER**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 29A04–0012–CR–538.

Court of Appeals of Indiana.

May 29, 2001.

Annette Fancher Bishop, Indianapolis, Indiana, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAKER, Judge

Appellant-defendant Michael Sharber appeals his conviction for Operating While Intoxicated,[1] a class D felony. Specifically, Sharber contends that the trial court erred in preventing him from cross-examining a police officer as to the results of a portable breath test that had been administered following his arrest.

### FACTS

The facts most favorable to the verdict reveal that at approximately 12:30 a.m., on April 3, 1999, Carmel police officer Jason Greer noticed that Sharber was driving his vehicle with only one headlight. As a result, Officer Greer began to follow him on U.S. 31 and noticed that Sharber was swerving in his lane of traffic. Officer Greer stopped the vehicle and when he approached, he noticed that Sharber smelled strongly of alcohol and had red, glassy eyes. Sharber admitted to Officer Greer that he had consumed some vodka earlier that evening.

After Sharber failed three field sobriety tests, Officer Greer administered a portable breath test. The result of that test revealed that Sharber had a blood alcohol content of .099 percent. Thereafter, Sharber was transported to the Carmel Police Department where he was tested on the BAC DataMaster machine. Those results revealed that Sharber's blood alcohol level was .11 percent.

Before the trial commenced, the State filed a motion in limine which sought to prevent Sharber from admitting the results of the portable breath test into evidence. Over Sharber's objection, this evidence was excluded and Sharber was found guilty of Operating a Vehicle with a .10 percent BAC or more. Thereafter, he was also convicted of Operating a Vehicle While Intoxicated as a class D felony because of a prior conviction. Sharber now appeals.

### DISCUSSION AND DECISION

■ We initially observe that the admissibility of evidence is within the sound discretion of the trial court. We will reverse only for an abuse of that discretion. *Tardy v. State,* 728 N.E.2d 904, 906 (Ind. Ct.App.2000). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Hanna*

1. IND. CODE § 9–30–5–3.

*v. State,* 726 N.E.2d 384, 387 (Ind.Ct.App. 2000).

 We note that blood alcohol content tests are admissible so long as standards and regulations for such testing are met in accordance with IND. CODE § 9–30–6–5. Specifically, this statute governs the selection and certification of breath test operators, equipment and the chemicals used when administering the tests. The foundational requirements for the admission of breath alcohol test results include a showing that the test was administered by an operator certified by the State Department of Toxicology (Department), the equipment used in the test was inspected and approved by the Department, and the operator used techniques approved by the Department. *Hornback v. State,* 693 N.E.2d 81, 84 (Ind.Ct.App.1998). Our supreme court has recognized that a defendant does not enjoy an unlimited constitutional right to offer exculpatory evidence. *Roach v. State,* 695 N.E.2d 934, 939 (Ind.1998). Even though Sharber advocated for the admission of such evidence in this case, breath test results are generally inadmissible for the benefit of either party if the Department has not approved some aspect of the test. *See Mullins v. State,* 646 N.E.2d 40, 49–51 (Ind.1995).

Here, Sharber has presented no evidence demonstrating that the portable breath test satisfied the requirements of I.C. § 9–30–6–5. Moreover, he did not establish any of the foundational requirements for the admission of those results. It was never established that any standards or procedures even existed for the test, and Officer Greer testified at trial that the portable test was a hand-held instrument that did not meet any of the certification requirements. He further acknowledged that this instrument was used only to confirm or deny the presence of alcohol in an individual.

While Sharber asserts that he was denied the right to due process because he could not present the results of the portable breath test to the jury, we note that evidence was presented on both direct and cross-examination that the portable breath test was given, along with the field sobriety tests. It is apparent that the trial court granted the motion in limine for the purpose of excluding unreliable evidence from the trier of fact. As a result, the trial court did not err in denying Sharber's request to admit the results of the portable breath test.

Judgment affirmed.

BAILEY, J., and MATHIAS, J., concur.