RUCKER, Justice,
concurring in result.
I concur in the result reached by the majority. I write separately however to point out what I perceive as an overstatement.
The majority correctly notes that "[the State is not required to introduce the subject contraband to obtain a conviction for dealing or possession." Op. at 1024. As an evidentiary matter this broad proposition is not terribly remarkable. See, e.g., Slettvet v. State, 258 Ind. 312, 280 N.E.2d 806, 808 (1972) (citing cases and declaring "proof of the nature of the substance can be - proved by - cireumstantial _- evidence...."). But onee a motion to suppress the evidence has been granted things change rather dramatically. Indeed as a practical matter, for drug related offenses, once a motion to suppress the drugs has been granted, prosecution essentially ends. And although conceivably there could be "other evidence," op. at 1024, to support a conviction despite a successful motion to suppress, the "fruit of the poisonous tree" doctrine would certainly limit the volume and scope of such evidence. "When applied, the [fruit of the poisonous tree] doctrine operates to bar not only evidence directly obtained, but also evidence derivatively gained as a result of information learned or leads obtained during an unlawful search or seizure." Adams v. State, 762 N.E.2d 737, 745 (Ind.2002) (quoting State v. Farber, 677 N.E.2d 1111, 1114 (Ind.Ct.App.1997)). Of course, the doctrine does not apply if the derivative evidence has an "independent source," the discovery of the evidence is so "attenuated" as to dissipate the taint of police misconduct, or the challenged evidence would have been inevitably obtained by proper means. See Hanna v. State, 726 N.E.2d 384, 389 (Ind.Ct.App.2000). In sum, the majority's broad proposition does not necessarily support its conclusion that, "[the exclusion of the seized items in Hel-ton's case, therefore, would not have foreclosed prosecution and conviction based on other evidence." Op. at 1024.
Nonetheless because I agree that at his post-conviction hearing Helton failed to carry his burden of proving there was a reasonable probability of insufficient evidence if a suppression motion had been granted, I conclude the post-conviction court correctly denied Helton's petition for relief. Therefore I concur in the result reached by the majority.