**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Oct 27 2014, 9:11 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**RUTH JOHNSON**
**SUZY ST. JOHN**
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TREVIN HORNBEAK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1311-CR-569 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
Cause No. 49F10-1302-CM-7666

**October 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Trevin Hornbeak appeals his convictions,[1] after a bench trial, for possession of marijuana[2] as a Class A misdemeanor and possession of paraphernalia[3] as a Class A misdemeanor. On appeal, he raises the following restated issues:

I. Whether Hornbeak waived review of his claim that the evidence was improperly admitted because Hornbeak did not contemporaneously object when the evidence was admitted;

II. Whether the trial court abused its discretion when it admitted the evidence discovered during a warrantless entry into Hornbeak's hotel room; and

III. Whether sufficient evidence was presented to support Hornbeak's conviction for possession of paraphernalia.

We affirm in part and reverse in part.

## FACTS AND PROCEDURAL HISTORY

On February 1, 2013, Officer Steven Lyday of the Marion County Sheriff's Office was called to the Kings Inn on East 21st Street in Indianapolis, Indiana. The hotel's management had requested that police break up a party in a room at the hotel registered to Hornbeak because the hotel had a policy that only four people were allowed inside of a room. Officer Lyday knocked on the door of Hornbeak's room, and when Hornbeak opened the door, Officer Lyday observed a large party of about fifteen people inside the room. Officer Lyday also noticed a large amount of smoke in the room. From his training,

---

[1] We note that the General Assembly enacted a new version of the criminal statutes at issue, which became effective July 1, 2014. Because Hornbeak committed his crimes in February 2013, we apply the statutes in effect at the time he committed his crimes.

[2] *See* Ind. Code § 35-48-4-11.

[3] *See* Ind. Code § 35-48-4-8.3.

Officer Lyday recognized the smoke as marijuana smoke. He testified that, based on his training and experience, he was able to identify the smell of burnt marijuana. *Tr.* at 8.

Officer Lyday told everyone who was not a registered occupant of the room to exit the room. After about fourteen people exited, Officer Lyday entered the room because he was "fearful that if I were to leave that drugs would be disposed of." *Id.* at 9. Once in the room, Officer Lyday saw, in plain view on a table, two marijuana cigarettes, a grinder, and a scale. In the presence of Hornbeak and another individual, who had returned to the room and was later arrested, Officer Lyday said, "I need to know whose marijuana this is." *Id.* at 19. Hornbeak admitted that the items were his.

The State charged Hornbeak with Class A misdemeanor possession of marijuana and Class A misdemeanor possession of paraphernalia. A bench trial was held on October 29, 2013. At the beginning of the trial, the State noted, "I do believe that the Defense is stipulating to the admission of the lab reports, chain of custody, as well as the paraphernalia." *Id.* at 4. Defense counsel responded, "Yes." *Id.* Later, when Officer Lyday testified about entering the hotel room, defense counsel objected, asked preliminary questions, and moved "to suppress any of the possible evidence that could have been discovered through the officer entering the room without a warrant, an exception to the warrant requirement, or consent from [Hornbeak]." *Id.* at 10. The trial court denied the motion after argument was heard. Officer Lyday proceeded to testify about discovering, in plain view on a table in the hotel room, the marijuana and paraphernalia contained in State's Exhibit 1. When the State offered State's Exhibit 1 into evidence, Hornbeak did not object. The trial court asked if Exhibit 1 was "the stipulated evidence," and defense

3

counsel replied, "Yes, your honor." *Id*. at 14. The State also moved to admit State's Exhibit 2, which was the lab report, and the trial court inquired as to whether it was also stipulated to by the parties. *Id*. The State responded affirmatively, and Hornbeak did not contest it. *Id*. The trial court stated that it was admitting the two exhibits "without objection." *Id*. At the conclusion of the trial, Hornbeak was found guilty as charged. Hornbeak now appeals.

## DISCUSSION AND DECISION

### I. Waiver of Claim

At the outset, the State contends that Hornbeak has waived his claim that the evidence discovered by Officer Lyday after he entered into the hotel room was inadmissible because Hornbeak failed to object at the time when the marijuana and paraphernalia were admitted into evidence. The State asserts that Hornbeak only objected to the beginning of Officer Lyday's testimony about his entry into the hotel room, which was insufficient to preserve his claim. The State further argues that Hornbeak failed to make a continuing objection to the evidence, and instead, stipulated to the evidence.

"A contemporaneous objection at the time the evidence is introduced at trial is required to preserve the issue for appeal, whether or not the appellant has filed a pretrial motion to suppress." *Brown v. State,* 929 N.E.2d 204, 207 (Ind. 2010). The purpose of this rule is to allow the trial judge to consider the issue in light of any fresh developments and also to correct any errors. *Id*.

Here, before the bench trial began, the trial court asked if there were any preliminary matters, and the State responded that the defense was "stipulating to the admission of the

4

lab reports, chain of custody, as well as the paraphernalia," to which the defense agreed; however, no mention was made regarding the marijuana evidence. *Tr.* at 4. During direct examination of Officer Lyday, as he started to testify to what he observed upon entering the hotel room, Hornbeak objected and moved to suppress. *Id.* at 9. Defense counsel then asked preliminary questions about the officer's entry into the hotel room and his lack of a warrant and argued that the evidence found in the hotel room should be suppressed because it was discovered without a warrant, an exception to the warrant requirement, or consent from Hornbeak. *Id.* at 9-10. The State responded that the officer's entry was justified due to exigent circumstances, and the trial court denied Hornbeak's objection. *Id.* at 10-12. Officer Lyday then proceeded to testify as to what he observed when he entered into the hotel room, which included marijuana cigarettes, a grinder, and a scale. *Id.* at 12. After the officer testified regarding the seizure of the items and the chain of custody, the State moved to admit the lab report and the items seized, and the trial court asked if "this was the stipulated evidence," to which the partied agreed. *Id.* at 12. In his closing argument, Hornbeak's attorney again argued that he was objecting to the admission of the evidence discovered in the hotel room on constitutional grounds. *Id.* at 30-31.

Hornbeak asserts that his objection and argument made just before the evidence was admitted satisfied the purpose of the contemporaneous objection rule, and therefore, he did not waive this issue. We agree. Hornbeak's objection occurred after the bench trial had begun and was contemporaneous with Officer Lyday's testimony about his entry into the hotel room and discovery of the marijuana and paraphernalia. "The purpose of the contemporaneous objection rule is to promote a fair trial by preventing a party from sitting

idly by and appearing to assent to an offer of evidence or ruling by the court only to cry foul when the outcome goes against him." *Clark v. State*, 6 N.E.3d 992, 998 (Ind. Ct. App. 2014) (citing *Purifoy v. State,* 821 N.E.2d 409, 412 (Ind. Ct. App. 2005), *trans. denied*). "'The rule requires parties to voice objections in time so that harmful error may be avoided or corrected and a fair and proper verdict will be secured.'" *Id.* (quoting *Purifoy*, 821 N.E.2d at 412). Hornbeak's objection when the State began to ask Officer Lyday what he discovered after entering into the hotel room put both the State and the trial court on notice that Hornbeak was objecting to the evidence on constitutional grounds. Although Hornbeak had stipulated to certain evidence prior to trial and, later during the trial, this evidence was specified to include "the lab reports, chain of custody, as well as the paraphernalia," but not the marijuana. *Tr.* at 4. We conclude that Hornbeak's claim of error was properly preserved.

## II. Admission of Evidence

We review the trial court's ruling on the admission of evidence for an abuse of discretion. *Jones v. State*, 982 N.E.2d 417, 421 (Ind. Ct. App. 2013), *trans. denied*. We will reverse only where the decision is clearly against the logic and effect of the facts and circumstances. *Id*. Even if the trial court's decision was an abuse of discretion, we will not reverse if the admission constituted harmless error. *Id*.

Hornbeak argues that the trial court abused its discretion when it admitted the evidence discovered after Officer Lyday's warrantless entry into his hotel room. He initially contends that the evidence was obtained in violation of the Fourth Amendment because the entry into his hotel room was warrantless, and there was no exception to the

6

warrant requirement that justified the warrantless entry. Specifically, Hornbeak asserts that there were no exigent circumstances that justified Officer Lyday's entry without a warrant.

The Fourth Amendment to the United States Constitution protects an individual's privacy and possessory interests by prohibiting unreasonable searches and seizures. *Sugg v. State*, 991 N.E.2d 601, 607 (Ind. Ct. App. 2013) (citing *Washington v. State,* 922 N.E.2d 109, 111 (Ind. Ct. App. 2010)), *trans. denied*. Generally, a search warrant is a prerequisite to a constitutionally proper search and seizure. *Id.* When a search is conducted without a warrant, the State has the burden of proving that an exception to the warrant requirement existed at the time of the search. *Id.* The propriety of a warrantless search is subject to *de novo* review. *Montgomery v. State*, 904 N.E.2d 374, 378 (Ind. Ct. App. 2009) (citing *Engram v. State,* 893 N.E.2d 744, 748 (Ind. Ct. App. 2008), *trans. denied*), *trans. denied.*

Here, the State offered exigent circumstances as the basis for the warrantless search. The existence of exigent circumstances falls within an exception to the warrant requirement. *Trotter v. State*, 933 N.E.2d 572, 579 (Ind. Ct. App. 2010) (citing *Holder v. State,* 847 N.E.2d 930, 936 (Ind. 2006)). In other words, when the "'exigencies of the situation' make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment," the warrant requirement becomes inapplicable. *Id.* at 579 (quoting *Mincey v. Arizona,* 437 U.S. 385, 393-94 (1978)). Exigent circumstances are present when incriminating evidence is in jeopardy of being destroyed or removed before a warrant can be obtained. *Lee v. State*, 967 N.E.2d 529, 535 (Ind. Ct. App. 2012) (citing *State v. Straub*, 749 N.E.2d 593, 597 (Ind. Ct. App. 2001)).

7

"Essentially, the officers must have a reasonable belief that people within the premises are presently destroying or directly about to destroy evidence, the nature of which must have an evanescent quality." *Holder*, 847 N.E.2d at 938. The officer's fear that the evidence is about to be destroyed must be objective and reasonable. *Lee*, 967 at 536. However, the fact that narcotics are involved does not, standing alone, amount to exigent circumstances justifying a warrantless search or arrest. *Esquerado v. State*, 640 N.E.2d 1023, 1027 (Ind. 1994). The prosecution has the burden to demonstrate exigent circumstances to overcome the presumption of unreasonableness inherent in all warrantless entries. *Lee*, 967 N.E.2d at 536.

Here, Officer Lyday noticed a "large amount of smoke in the [hotel] room" that he identified from his training and experience as marijuana smoke when Hornbeak answered the door. *Tr*. at 8. There were approximately fifteen people inside the hotel room, and Officer Lyday told everyone who was not registered to the room to exit. Fourteen people exited, leaving only Hornbeak. Officer Lyday then entered the hotel room because he was "fearful that if I were to leave that drugs would be disposed of." *Id*. at 9. Officer Lyday's fear that evidence would be destroyed before a search warrant could be obtained was objectively reasonable. Here, the facts showed that, after Hornbeak opened the door, but before Officer Lyday entered, the officer observed smoke coming from the hotel room that he recognized as marijuana smoke. The evidence that the marijuana was burning showed that the marijuana was in the process of being destroyed. After Hornbeak opened the door, he was aware of the presence of the police, and he had an incentive to either accelerate the process of smoking the marijuana or otherwise destroying the marijuana. The burning of

8

the marijuana together with Hornbeak's awareness of the police presence demonstrated a substantial likelihood that the marijuana would be consumed or destroyed before a warrant could be obtained. The need to prevent imminent destruction of evidence therefore justified Officer Lyday's warrantless entry into the hotel room.[4] Because the evidence showed exigent circumstances, the trial court did not abuse its discretion in admitting the evidence under the Fourth Amendment.

Hornbeak also argues that the trial court abused its discretion in admitting the evidence discovered in the hotel room because it violated the Indiana Constitution. Article I, Section 11 of the Indiana Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated . . . ." Although virtually identical to the wording of the search and seizure provision in the federal constitution, Indiana's search and seizure clause is independently interpreted and applied. *Danner v. State*, 931 N.E.2d 421, 431 (Ind. Ct. App. 2010), *trans. denied*. Under the Indiana Constitution, the legality of a governmental search turns on an evaluation of the reasonableness of the police conduct under the totality of the circumstances. *Id*. (citing *Myers v. State*, 839 N.E.2d 1146, 1153 (Ind. 2005)). The burden is on the State to show that under the totality of the circumstances, the intrusion was reasonable. *Id.* (citing *State v. Bulington*, 802 N.E.2d 435, 438 (Ind. 2004)). Generally, the reasonableness of a search or seizure under the Indiana Constitution turns on the balance of: (1) the degree of concern, suspicion, or knowledge that a violation has

---

[4] We acknowledge that another panel of this court reached a different conclusion in *Ware v. State*, 782 N.E.2d 478 (Ind. Ct. App. 2003).

9

occurred; (2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities; and (3) the extent of law enforcement needs. *Id.* (citing *Litchfield v. State*, 824 N.E.2d 356, 361 (Ind. 2005)).

In the present case, there was a high degree of suspicion that a violation had occurred due to the fact that Officer Lyday smelled burning marijuana inside the hotel room, which gave him probable cause to believe that a crime was being committed. The law enforcement need was also high because of the substantial likelihood that the marijuana would be consumed or destroyed before a warrant could be obtained and because the offense was being committed in the presence of the officer. Although the degree of intrusion on Hornbeak was undeniably high in the present case, Officer Lyday observed the marijuana, scale, and grinder in plain view as soon as he entered and did not rummage around the hotel room in search of the items. We, therefore, conclude under these circumstances that Officer Lyday acted reasonably under the totality of the circumstances when he entered the hotel room to prevent the destruction of evidence.

### III. Sufficient Evidence

When reviewing the sufficiency of the evidence needed to support a criminal conviction, we consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence. *Newell v. State*, 7 N.E.3d 367, 369 (Ind. Ct. App. 2014), *trans. denied*. "It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction." *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a

10

reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the trial court's decision. *Id.* at 147.

Hornbeak argues that insufficient evidence was presented to support his conviction for possession of paraphernalia. Specifically, Hornbeak contends that the evidence was insufficient to prove that he intended to use the scale and/or the grinder to introduce marijuana into his body as the State alleged in the charging information. He asserts that the State erroneously charged him under subsection (1) of the statute and that there was no evidence presented as to how the scale and grinder were intended to be used to introduce marijuana into his body.

As charged in the present case, in order to convict Hornbeak of Class A misdemeanor possession of paraphernalia, the State was required to prove that he did knowingly or intentionally possess a raw material, instrument, device, or other object, a scale and/or grinder, that he intended to use for introducing marijuana into his body. *Appellant's App.* at 18; *see also* Ind. Code § 35-48-4-8.3 (a)(1), (b). In our review of the record, we find no evidence that was presented at trial to prove that Hornbeak possessed the scale and/or the grinder with the intent to use them to introduce marijuana into his body. Therefore, the State failed to present sufficient evidence to support Hornbeak's conviction for possession of paraphernalia as charged.

The State acknowledges that the evidence presented at Hornbeak's trial may have been insufficient to prove that he possessed the grinder or the scale intending to use them to introduce marijuana into his body, but asserts that Hornbeak's possession of the scale

would have supported a conviction under subsection (2), which prohibits the possession of an item the person intends to use for "testing the strength, effectiveness, or purity of a controlled substances." Ind. Code § 35-48-4-8.3(a)(2). However, the State did not charge Hornbeak under that prong of the statute. Instead, the State now argues that Hornbeak's possession of marijuana cigarettes could support his conviction for possession of paraphernalia because the trial court could have reasonably inferred that Hornbeak possessed the cigarettes intending to use them to introduce marijuana into his body. We do not agree. The evidence presented at trial was that Officer Lyday observed two marijuana cigarettes and a grinder and a scale in plain view when he entered the hotel room. He did not testify to finding or observing any other evidence in the hotel room.[5] Therefore, the evidence of the marijuana cigarettes supported Hornbeak's conviction for possession of marijuana, but it could not also support his conviction for possession of paraphernalia. Further, Officer Lyday testified at trial that he discovered paraphernalia in the hotel room and described it as being the grinder and scale and not the marijuana cigarettes. We, therefore, conclude that, because no evidence was presented as to how the grinder or the scale could be used to introduce marijuana into Hornbeak's body, the State failed to present sufficient evidence to support Hornbeak's conviction for possession of paraphernalia, and his conviction for that charge is reversed.

Affirmed in part and reversed in part.

BAKER, J., and ROBB, J., concur.

---

[5] We note that other marijuana evidence was admitted as part of State's Exhibit 1; however, there was no testimony as to how or where this evidence was discovered.

12